[No. 26615. Department One. June 29, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY A. HANLEN, *Appellant*.[1]

*Philip Tworoger,* for appellant.

*B. Gray Warner, John M. Schermer,* and *Harry A. Bowen,* for respondent.

BLAKE, J.—The defendant was charged with the crime of grand larceny by information alleging the offense to have been committed the *13th day of May, 1935.* On December 2, 1935, he pleaded guilty to the charge. He made a motion in arrest of judgment on the ground that, since Rem. Rev. Stat., § 2281 [P. C.

[1]Reported in 69 P. (2d) 806.

§ 8716], (Laws of 1909, chapter 249, § 29, p. 897) providing for indeterminate sentences, was specifically repealed by § 9, chapter 114, Laws of 1935, p. 319, and since § 2, p. 309 (Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32]), of the latter act is *ex post facto* with respect to the crime charged in the information, there is no valid subsisting law under which judgment and sentence can be entered against him. Overruling the motion in arrest of judgment, the court entered judgment sentencing the defendant to a "term of not more than fifteen years" in the state penitentiary. Defendant appeals, assigning error in the denial of his motion in arrest of judgment.

■ Under the facts of this case, it is apparent that § 2, chapter 114, Laws of 1935, p. 309, is *ex post facto*, and that the penalty provided therein cannot be imposed upon defendant. *Lindsey v. State*, 301 U. S. 397, 57 S. Ct. 787.

■ As we have observed, the court fixed the maximum term at fifteen years. This judgment and sentence conforms explicitly with the terms of Rem. Rev. Stat., § 2605 [P. C. § 8948] (Laws 1909, chapter 249, § 353, p. 998). That section defines grand larceny and fixes the penalty "by imprisonment in the state penitentiary for not more than fifteen years." The judgment and sentence did not conform, however, with the terms of Rem. Rev. Stat., § 2281, which provides that the court shall fix the minimum as well as the maximum of the term to be served.

The question now to be determined is what effect the specific repeal of Rem. Rev. Stat., § 2281, contained in chapter 114, Laws of 1935, has with respect to crimes of grand larceny committed *prior* to the effective date of the latter act. The answer is found in Rem. Rev. Stat., § 2006 [P. C. § 9198], which provides:

"No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed, or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein."

This section has been repeatedly held to constitute a valid and sufficient saving clause as to crimes committed prior to the effective date of an act repealing former criminal statutes. *State v. Fair,* 35 Wash. 127, 76 Pac. 731, 102 Am. St. 897; *State v. Ames,* 47 Wash. 328, 92 Pac. 137; *State v. Hanover,* 55 Wash. 403, 104 Pac. 624, 107 Pac. 388; *State v. Newcomb,* 58 Wash. 414, 109 Pac. 355; *State v. Lorenzy,* 59 Wash. 308, 109 Pac. 1064, Ann. Cas. 1912B, 153. Consequently, with respect to crimes of grand larceny committed prior to the effective date of chapter 114, Laws of 1935, Rem. Rev. Stat., §§ 2281 and 2605, are valid and subsisting laws under which appellant is amenable for the offense to which he pleaded guilty.

As has been noted, the judgment and sentence im-

posed upon appellant fixed only a maximum term. It *should* also have provided for a minimum term. The judgment and sentence is set aside, and the cause is remanded, with directions to enter judgment and sentence fixing the minimum and maximum of the term to be served by appellant in accordance with the provisions of Rem. Rev. Stat., §§ 2281 and 2605.

ROBINSON, MILLARD, GERAGHTY, and MAIN, JJ., concur.