[No. 26871. Department One. December 14, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. LYLE J. FICKLIN, *Appellant*.[1]

*Roswell J. Quinn* and *C. D. Cunningham,* for appellant.

*Shirley R. Marsh, H. Jerard Imus,* and *Ronald Moore,* for respondent.

SIMPSON, J.—Appellant was, on the 13th day of February, 1936, charged with the crime of sodomy alleged to have been committed on the first day of June,

[1]Reported in 74 P. (2d) 187.

1933. He was afterward placed on trial, and on April 3, 1936, the jury found him guilty of an attempt to commit the crime charged in the information. The trial court then sentenced him to imprisonment in the state penitentiary for an indefinite term, not to exceed five years. Upon appeal to this court, the judgment was affirmed. *State v. Ficklin,* 190 Wash. 168, 67 P. (2d) 897.

After the remittitur was received by the trial court, appellant was, on the 23rd day of, August, 1937, again sentenced to imprisonment in the state penitentiary for a term of not less than three nor more than five years, and at the same time the trial court entered an order setting aside the former sentence.

The one question to be decided is whether or not the trial court had the authority and jurisdiction to vacate the sentence of August 15, 1936, and impose a new sentence on August 23, 1937.

 Under the facts as we find them, it is manifest that defendant was first sentenced under the provisions of the Laws of 1935, chapter 114, § 2, p. 309 (Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32]), and that such sentence was void. *Lindsey v. State,* 301 U. S. 397, 57 S. Ct. 797; *State v. Hanlen,* 190 Wash. 563, 69 P. (2d) 806.

In fixing the term of imprisonment of five years, the court complied with the terms of Rem. Rev. Stat., §§ 2456 and 2264 [P. C. §§ 8768, 8699]. The first section fixes the penalty for sodomy at not more than ten years, and the latter section provides that the conviction of an attempt to commit a crime shall be punishable by imprisonment for not more than half the longest term that can be imposed for conviction of the completed offense.

The sentence did not, however, conform to the provisions of Rem. Rev. Stat., § 2281 [P. C. § 8716], which

provides that the court shall fix the minimum as well as the maximum of the term to be served.

In his former appeal, appellant did not contend that § 2, chapter 114 of the Laws of 1935, p. 309, was *ex post facto,* and it was a considerable time after the case had been decided by this court on appeal that the supreme court of the United States, *Lindsey v. State, supra,* held that section *ex post facto* and void with respect to crimes committed before the act was passed.

It is true that Rem. Rev. Stat., § 2281, providing that the trial court should fix both the minimum and maximum terms of imprisonment, had been repealed by chapter 114, Laws of 1935, § 9, p. 319. However, we held in *State v. Hanlen, supra,* that Rem. Rev. Stat., § 2006 [P. C. § 9198], was a valid and saving clause as to crimes committed prior to the effective date of any act repealing former criminal statutes.

Appellant has cited the following cases: *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182; *Kawabe v. Continental Life Ins. Co.,* 97 Wash. 257, 166 Pac. 617; *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338; *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734; *State ex rel. Cross v. Superior Court,* 158 Wash. 46, 290 Pac. 430. These are civil cases wherein an attempt was made by the lower court either to modify or vacate a judgment when the proper remedy was by appeal, or to vacate or change a judgment after appeal had been taken to this court. All of them properly state the law, but are not applicable here for the reason that they do not have any reference to the actions of a trial court in relation to a void sentence in a criminal case.

After the supreme court of the United States had decided the *Lindsey* case, appellant stood before the court convicted of a crime against the laws of this state but without sentence having been imposed.

The state or appellant could have had the remittitur recalled for further proceedings concerning the sentence, and we would then have instructed the trial court to impose a sentence that conformed to the provisions of Rem. Rev. Stat., § 2281. *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102; *State v. Clark,* 98 Wash. 81, 167 Pac. 84; *State v. Lydon,* 170 Wash. 354, 16 P. (2d) 848.

In this case, the trial court forestalled such action and imposed a sentence that was proper and in accordance with our holding in the case of *State v. Hanlen, supra.* In so doing, it did nothing contrary to the judgment of this court, but on the other hand performed a duty required by law, which was to sentence a person properly convicted of a crime.

We will not now compel the doing of the useless act of having the remittitur recalled for the purpose of instructing the trial court to do the very thing it has done, namely, re-sentence the appellant to a term of not more than five years in the state penitentiary and fix a minimum time he would have to serve.

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.