[No. 26905. Department One. February 16, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY A. HANLEN, *Appellant*.[1]

*Philip Tworoger*, for appellant.

*B. Gray Warner, John M. Schermer*, and *Harry A. Bowen*, for respondent.

HOLCOMB, J.—This appeal is from the judgment of the court below sentencing appellant to the state penitentiary for the crime of grand larceny.

Since this case has already been before this court, it is unnecessary to recapitulate the facts herein.

[1]Reported in 76 P. (2d) 316.

*State v. Hanlen,* 190 Wash. 563, 69 P. (2d) 806. It was held that, since § 2, chapter 114, Laws of 1935, p. 309 (Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32]) is *ex post facto* with respect to this case, the penalty provided therein could not be imposed upon appellant. We concluded that Rem. Rev. Stat., § 2281 [P. C. § 8716] , relating to indeterminate sentences, and Rem. Rev. Stat., § 2605 [P. C. § 8948], were still valid and effective with respect to crimes of grand larceny committed prior to the effective date of chapter 114, Laws of 1935, Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4503-31] *et seq.,* by reason of the saving clause embodied in Rem. Rev. Stat., § 2006 [P. C. § 9198]. This conclusion was reaffirmed by this court in *State v.. Ficklin,* 192 Wash. 575, 74 P. (2d) 187.

Therefore, we remanded the cause to the trial court and directed that a judgment be entered and a sentence imposed fixing both the minimum and maximum of the term to be served by appellant in acordance with Rem. Rev. Stat., §§ 2281 and 2605.

Thereupon, the trial court entered judgment and sentence for a "term of not less than one year and not more than five years."

The sole assignment of error presented in this appeal is that the trial court erred in imposing a sentence upon appellant because there is no law in existence under which he could be sentenced. This contention is predicated on the theory that the general saving clause, chapter 6, Laws of 1901, Ex. Ses., p. 13, Rem. Rev. Stat., § 2006, is unconstitutional because it is in contravention of Art. II, § 19, of the state constitution, which provides:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

The title of the act under consideration provides:

"AN ACT providing a general savings clause and savings provisions in case of the repeal or amendment of criminal or penal statutes and declaring an emergency."

It is presumed that the statute in question is constitutional and the burden rests upon appellant to establish clearly its invalidity. *State ex rel. Hamilton v. Martin,* 173 Wash. 249, 23 P. (2d) 1; *Uhden, Inc. v. Greenough,* 181 Wash. 412, 43 P. (2d) 983, 98 A. L. R. 1181; *In re Peterson's Estate,* 182 Wash. 29, 45 P. (2d) 45; *Northwestern Imp. Co. v. Henneford,* 184 Wash. 502, 51 P. (2d) 1083.

It is conceded that in a number of cases the constitutionality of this saving statute has either been assumed or sustained in this court when its constitutionality was assailed on other grounds. It is contended, however, that the constitutionality of this statute has never been passed upon in the light of Art. II, § 19, *supra.*

General saving clauses of the nature of that which we have before us are merely declaratory of a rule of construction. 59 C. J. 1192, § 729. Such saving clauses have been enacted in virtually all of the states of the Union. 1 Lewis' Sutherland, Statutory Construction (2d ed.), 557, § 287.

Rem. Rev. Stat., § 2006, reflects a legislative intent to preserve the integrity of criminal statutes and the penalties prescribed therein with respect to offenses committed and prosecutions pending under the previously existing statute, notwithstanding their repeal by subsequent legislative enactments, in the absence of a legislative intention expressed to the contrary.

We find the title of the act under consideration is general and comprehensive with respect to saving

provisions in the event of the repeal or amendment of penal statutes, and that the constitutional provision relied upon is not offended thereby.

In *In re Peterson's Estate, supra,* we said:

"It thus appears that the title is general and comprehensive. No elaborate statement of the subject of an act is necessary to meet the requirements of the constitutional provision. A few well-chosen words, suggestive of the general subject stated, is all that is necessary. *State ex rel. Seattle Electric Co. v. Superior Court,* 28 Wash. 317, 68 Pac. 957, 92 Am. St. 831. Such a title to the act as this one should be liberally construed, and in deference to legislative discretion on the subject, acts shall not be construed as void, as violating the constitution, unless they are so beyond any reasonable doubt."

To this effect see, also, *State v. Hennessy,* 114 Wash. 351, 195 Pac. 211; *State ex rel. Reitmeier v. Oakley,* 129 Wash. 553, 225 Pac. 425; *Shea v. Olson,* 185 Wash. 143, 53 P. (2d) 615, 111 A. L. R. 998; *In re Button's Estate,* 190 Wash. 333, 67 P. (2d) 876.

In a supplemental memorandum of authorities, counsel directs our attention to Art. II, § 37 of the state constitution, which provides:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."

Unless the later statutes clearly manifest a different intention, this general saving clause is deemed a part of every repealing statute as if expressly inserted therein, and hence renders unnecessary the incorporation of an individual saving clause in each statute which amends or repeals an existing penal statute.

"It is quite clear that a general saving clause, if it be clothed in apt language to express the purpose, is as efficient as a special clause expressly inserted in a particular statute. This proposition is too plain to

need the support of authorities; but there *are* authorities directly to the point. [Citing cases]." *People v. McNulty,* 93 Cal. 427, 29 Pac. 61. Affirmed in *McNulty v. California,* 149 U. S. 645, 37 L. Ed. 882, 13 S. Ct. 959.

We are satisfied that the general saving statute before us is in harmony with Art. II, § 37 of the constitution of this state.

The judgment and sentence of the trial court is therefore affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.