[No. 26856. Department One. February 28, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v.
JOE GEDRAITIS, *Appellant*.[1]

*Will Lanning,* for appellant.

*B. Gray Warner* and *Albert D. Rosellini,* for respondent.

GERAGHTY, J.—The appellant was convicted in the superior court of King county, of the crime of forgery in the first degree on two counts. On October 10, 1936, Judge Lawler, who presided at the trial, acting under chapter 114, Laws of 1935, p. 308, Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4503-31] *et seq.,* in effect at the time when the crime was charged to have been committed, sentenced the appellant to serve a term in the state penitentiary of not more than twenty years on each count; the sentences were to run concurrently.

[1]Reported in 76 P. (2d) 1009.

Subsequently, April 6, 1937, on *habeas corpus* proceedings, the sentences were vacated by order of Judge Meakim of the superior court upon the view that § 2 of chapter 114, Laws of 1935, p. 309, Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32], was unconstitutional in so far as it reposed in the board of prison, terms and paroles authority to fix the duration of the term of confinement of persons sentenced to the penitentiary or reformatory by the courts.

On July 30, 1937, after the decision in *State v. Mulcare,* 189 Wash. 625, 66 P. (2d) 360, in which the constitutionality of § 2, chapter 114, was sustained, Judge Lawler, on application of the state, re-sentenced the appellant to the same term in the penitentiary imposed in the first sentence. The present appeal is from the second sentence.

An appeal taken by the state from the order vacating the sentences was dismissed for the state's failure to perfect it by the timely filing of a statement of facts. The order of dismissal was made July 23, 1937. The remittitur was returned to the superior court August 25, 1937.

The first and principal contention of the appellant is that the state's appeal from Judge Meakim's order vacating the first sentence was pending in this court until the return of the remittitur to the superior court; and that, this being so, the superior court was without jurisdiction on July 30th to re-sentence him.

The respondent urges that, since, under our rule of practice XVII, 178 Wash. xxxvii, the filing of a statement of facts, transcript of the record, and opening brief, within the time limited is jurisdictional, the appeal was never fully perfected; that the order of dismissal amounted, in fact, to no more than the clearing of its record by this court, and that the superior court had never lost jurisdiction. It also urges that the pur-

pose of the withholding of the remittitur for thirty days is to enable the losing party to apply to the court for a rehearing; and that, since the state, the losing party, accepted the court's order of dismissal, a remittitur was not necessary to reinvest the superior court with jurisdiction.

But we need not follow these contentions to a conclusion, because, in any event, the sentence imposed by the trial court, from which the appeal is taken, should not be disturbed.

Upon vacation of the sentence, the appellant, having been convicted by the verdict of the jury, remained subject to the imposition of a proper sentence by the superior court. To sustain appellant's position on this appeal, would amount to no more, in effect, than to leave him subject to the reimposition of the same sentence by the superior court.

The situation here is somewhat analogous to that in *State v. Ficklin,* 192 Wash. 575, 74 P. (2d) 187. Ficklin had been convicted of the crime of sodomy, and sentenced to a term in the state penitentiary. On appeal to this court, the judgment was affirmed. After the decision of the supreme court of the United States in *Lindsey v. State,* 301 U. S. 397, 81 L. Ed. 1182, 57 S. Ct. 797, Ficklin was again sentenced to the penitentiary, the trial court at the same time entering an order setting aside the former sentence. The question on appeal was whether the trial court had authority to vacate the first sentence. The appellant's contention was that, the judgment having been affirmed in this court, the superior court was without jurisdiction to vacate it. In that case, the first sentence was imposed under chapter 114 of the 1935 Session Laws. Disposing of the appellant's contention, the court said:

"After the supreme court of the United States had decided the *Lindsey* case, appellant stood before the

court convicted of a crime against the laws of this state but without sentence having been imposed.

"The state or appellant could have had the remittitur recalled for further proceedings concerning the sentence, and we would then have instructed the trial court to impose a sentence that conformed to the provisions of Rem. Rev. Stat., § 2281. . . .

"In this case, the trial court forestalled such action and imposed a sentence that was proper and in accordance with our holding in the case of *State v. Hanlen, supra.* In so doing, it did nothing contrary to the judgment of this court, but on the other hand performed a duty required by law, which was to sentence a person properly convicted of a crime.

"We will not now compel the doing of the useless act of having the remittitur recalled for the purpose of instructing the trial court to do the very thing it has done, namely, re-sentence the appellant to a term of not more than five years in the state penitentiary and fix a minimum time he would have to serve."

So here, the trial court forestalled the necessity of a remittitur by imposing a proper sentence. It would be a useless thing to reverse the judgment of the trial court solely for the purpose of having it do again what it has already properly done.

The second error assigned by appellant seems to be based upon the assumption that, by action of this court in dismissing the appeal, the order of the superior court vacating the first sentence became the judgment of this court, and that the superior court was thereafter without power to re-sentence the appellant. This is the contention made in *State v. Ficklin, supra,* and is without merit.

The other errors assigned by appellant are disposed of adversely by the case of *State v. Mulcare, supra.*

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and SIMPSON, JJ., concur.