[No. 27124. Department One. August 5, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. AUGUST MEHLHORN, JR., *Appellant.*[1]

[1]Reported in 82 P. (2d) 158.

*E. D. Phelan,* for appellant.

*B. Gray Warner* and *Henry Clay Agnew,* for respondent.

GERAGHTY, J.—The appellant was charged by information, in seven counts, with the crime of grand larceny.  He entered a plea of guilty to two counts, and, on December 11, 1935, was sentenced, in accordance with chapter 114, Laws of 1935, p. 308, Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4503-31] *et seq.,* to a term of fifteen years in the state penitentiary upon each count, the terms to run consecutively.

The offenses with which he was charged were alleged to have been committed in the years 1928 and 1929.  The specific statute defining grand larceny, Rem. Rev. Stat., § 2605 [P. C. § 8948], provided for no minimum sentence, but for imprisonment in the penitentiary for not more than fifteen years.  However, Rem. Rev. Stat., § 2281 [P. C. § 8716], in force prior to the enactment of chapter 114, Laws of 1935, provided that, where no minimum term of imprisonment was prescribed by law, the court should fix such term, in its discretion, at not less than six months nor more than five years.

In *Lindsey v. Washington,* 301 U. S. 397, 81 L. ed. 1182, 57 S. Ct. 797, the supreme court of the United States held that chapter 114, Laws of 1935, in so far as it required the imposition of the maximum sentence alone, was *ex post facto,* and, therefore, void as to offenses committed prior to its enactment.

While Rem. Rev. Stat., § 2281, was expressly repealed by chapter 114, we held, in *State v. Hanlen,* 190

Wash. 563; 69 P. (2d) 806, that this section was continued in effect as to prior offenses by virtue of Rem. Rev. Stat., § 2006 [P. C. § 9198], which provides that

"No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, . . . ."

The result of the cited decision of the supreme court of the United States, followed by our own subsequent decisions, being that the sentence imposed on the appellant was void, the prosecuting attorney of King county caused the appellant to be brought before the superior court for resentencing in accordance with the statutory provisions in force at the time of the commission of the offenses to which he had pleaded guilty. The appellant filed what he denominated a "Plea of Former Judgment of Conviction, Former Jeopardy, Legislative Pardon," as well as a motion in arrest of judgment. The pleas and the motion were overruled, and the court entered a judgment resentencing the appellant to a term in the penitentiary of not less than three years nor more than fifteen years on each count, the sentences to be served consecutively.

The judgment recited that it was entered *nunc pro tunc* as of December 11, 1935, the date of the first sentence, which fixed no minimum term. While the appellant raises no question on the form of the judgment, it may be said that it was not, in a proper sense, a judgment *nunc pro tunc*. The office of a *nunc pro tunc* order or judgment is to record some act of the court done at a former time and not then carried into the record. If the court has not rendered a judgment that it might or should have rendered, it has no power to remedy these omissions by ordering the entry *nunc*

*pro tunc* of a proper judgment. *State v. Ryan,* 146 Wash. 114, 261 Pac. 775. Practically considered, the judgment is effective as of the date of its entry, but the minimum and maximum terms imposed are to be reckoned from the date of the prior judgment, thereby giving the appellant credit for the duration of his confinement under the void sentence, a proper provision. under the circumstances.

■ The issues raised on the present appeal are controlled by our decisions in *State v. Hanlen,* 190 Wash. 563, 69 P. (2d) 806, *State v. Ficklin,* 192 Wash. 575, 74 P. (2d) 187, and *State v. Lindsey,* 194 Wash. 129, 77 P. (2d) 596. The sentence imposed upon the appellant, after his plea of guilty, being void, he stood subject to the imposition of a proper sentence by the court. In the case last cited, we quoted from 8 R. C. L. 237, where it is said:

"The imposing of an unauthorized sentence does not, in the absence of any other error affecting the trial, necessitate the granting of a new trial, or vacation of the verdict found, but is only a ground for reversing the erroneous judgment or sentence, leaving the verdict to stand as a basis for a new and proper sentence."

The import of appellant's argument here is that, by reason of the repeal of Rem. Rev. Stat., § 2281, he must go unpunished because there is no statute under which he can be properly sentenced for an offense committed prior to the effective date of chapter 114, Laws of 1935; that, as to him, the state is bound by the construction placed upon chapter 114 by the superior court when he was first sentenced, and that to resentence him under the saving provisions of Rem. Rev. Stat., § 2006, in accordance with our subsequent decisions, would be, in effect, the application of an *ex post facto* law in contravention of Art. I, § 9, of the constitution of the United States, as well as of the fourteenth amendment

to that instrument. While he contends that the state is disabled from imposing the second sentence, he does not concede that the first is binding upon himself.

The cases already cited effectively dispose of this contention. The law under which the appellant was substantively charged, and to the violation of which he entered a plea of guilty, was affected by chapter 114 only in respect of the measure of punishment to be imposed. This court's construction of the law about which he complains was made in conformity with the ruling of the supreme court of the United States, the high tribunal whose function it is to expound the rights of citizens under the Federal constitution. The appellant has no cause to complain of a method of procedure, adopted in the spirit of that court's ruling, under which he is sentenced in accordance with the law in force when the offense to which he pleaded guilty was committed.

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and SIMPSON, JJ., concur.