**DOOLY v. MAHONEY, Superintendent of Washington State Penitentiary.**

No. 57.

District Court, E. D. Washington, S. D.

Jan. 22, 1942.

Albert N. Bradford, of Walla Walla, Wash., for petitioner.

Smith Troy, Atty. Gen. of Washington, and Shirley Marsh and Hugh A. Dressel, Asst. Attys. Gen. of Washington, for P. E. Mahoney, Acting Superintendent of Washington State Penitentiary, Walla Walla, Wash.

SCHWELLENBACH, District Judge.

The judgment and sentence under which petitioner is confined in the State Penitentiary recites that on May 16, 1940, petitioner, having entered a plea of guilty of the crime of "petit larceny by check", was sentenced to the State Penitentiary for a period of not more than twenty years. The State Statute, Rem.Rev.Stats. of Wash. Sec. 2267, provides that any person convicted of a crime of the degree of petit larceny by check shall be punished by imprisonment in the county jail for not more than one year or by a fine of not more than one thousand dollars or by both. Petitioner having served more than one year in the State Penitentiary filed his petition for a writ of habeas corpus. Thereafter, an order to show cause was issued directed to respondent to show cause why such a writ should not be granted. On the return day on the order, respondent appeared with counsel and presented oral argument against the granting of the petition. No evidence was offered by the respondent to contradict the allegations of the petition. There is no dispute but that the judgment and sentence was as I have heretofore recited.

It cannot be doubted that excess of the sentence beyond the jurisdiction of the court which renders it is void as a judgment and the prisoner being held for such excess sentence is entitled to his release by writ of habeas corpus. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872; Munson v. McClaughry, 8 Cir., 198 F. 72, 42 L.R.A., N.S., 302. This is so even if the court had ample jurisdiction of the subject matter of the case and of the parties. Stoneberg v. Morgan, 8 Cir., 246 F. 98; Caballero v. Hudspeth, D.C., 36 F.Supp. 905.

In his brief, respondent recites as facts that after petitioner had pleaded guilty to the crime of petit larceny by check an information was filed against him under the State Habitual Criminal Statute, Rem.Rev. Stats. of Wash., Sec. 2286, par. 1. It is further stated in the *brief* that petitioner pleaded guilty to that information and that thereupon the twenty year sentence on the petit larceny charge was imposed. Petitioner, in his *reply brief*, denies these statements in respondent's *brief*. On this state of the record, the question as to what disposition should be made of the petition is left to the Court.

In a recent case, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, the Supreme Court of the United States held that a court of the United States might inquire into the truth and substance of the causes of the detention of a prisoner held by the State even though it may become necessary to look behind and beyond the record of his conviction. In that case, the search behind and beyond the record was made at the behest of the prisoner. Whether such a search may be made at the behest of the State, it is not necessary to determine here. The Supreme Court of the State of Washington has repeatedly asserted that it does not lie within the power of a court to judicially notice the records of another court unless such records are pleaded and proved. Large v. Shively, 186 Wash. 490, 498, 58 P.2d 808; Lownsdale v. Grays Harbor Boom Co., 54 Wash. 542, 103 P. 833; Merrick v. Neely, 143 Wash. 588, 255 P. 936. The only record before this court which has been pleaded and proved is the judgment and sentence heretofore referred to which is void upon its face.

892

■ Respondent contends that this court is without jurisdiction because petitioner failed to appeal from the judgment and sentence. He relies upon ·Seattle Electric Co. v. Seattle R. & S. Ry. ·Co., 9 Cir., 185 F. 365. That was a civil case in which an attempt was made to confer jurisdiction in an action not involving diversity of citizenship on the ground that the cause of action was based upon a claimed violation of the Federal Constitution. All the court there held was that, since the State Constitution had a provision identical with the provision of the Federal Constitution ·upon which reliance was placed, the action should have been commenced in the state courts subject to the right of protection under the Federal Constitution by an appeal from the State Supreme Court to the United States Supreme Court. None of the cases holding necessary an exhaustion of remedies by a state prisoner in the state courts is bottomed on jurisdictional grounds. The philosophy behind them is, as stated by the Supreme Court of the United States in Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 460, 51 L.Ed. 760: "It is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in a state court, and subject to its laws, may, by the decision of a single judge of the Federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state, and finally discharged therefrom." It is the delicacy of the jurisdiction rather than the jurisdiction itself which has led the Federal courts to insist that the State courts should be given ample opportunity to deal with the question before the Federal court attempts to exercise its jurisdictional power. This opportunity, however, can be afforded to the State courts through the medium of habeas corpus as well as by appeal. Davis v. Burke, 179 U.S. 399, 21 S.Ct. 210, 45 L.Ed. 249. In fact, in the celebrated case of Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406, the application for habeas corpus was denied by the Supreme Court on the ground that, although Mooney had prosecuted numerous appeals to the highest court of the State of California, his proper remedy before that court was habeas corpus and that until he availed himself of that remedy the United States Court could not consider his petition. In Smith v. O'Grady, 312 U.S. 329, 61. S.Ct. 572, 85 L.Ed. 859, the presentation to the State court, which preceded the application to the Federal court, was by way of an application for a writ of habeas corpus.

■ In this case, the undisputed record shows that petitioner filed an application for. a writ of habeas corpus with the Superior Court of the County in which the Penitentiary is located. This was ignored. It further shows that petitioner attempted to file an application with the State Supreme Court for a writ of habeas corpus. This attempt was rejected by the State Supreme Court. Clearly, these facts are sufficient to overcome the delicacy of the jurisdiction of the Federal court.

The record in this case being as it is, I have considered directing the parties to appear on a day certain with proper pleadings and proof in order that I might ascertain the facts which led to the signing of the judgment and sentence by the Judge of the Superior Court of Yakima County. I have decided against that course for two reasons:

1. The nature of the jurisdiction of this Court as described by the Supreme Court of the United States. Probably to arrive at the ultimate facts, the testimony of the Judge who signed the judgment and sentence might become necessary. The undesirability of such procedure is apparent.

2. The State court should be given the opportunity and privilege of correcting its own record and passing upon its own case if it so desires.

Consequently, I have decided to make use of the procedure evolved by Judge Webster when he presided over this Court in the case of McCoy v. McCauley, 20 F. Supp. 200, 202. In that case, he used this language: "That the petitioner is entitled to the writ of habeas corpus prayed for, but that the issuance of the writ shall be stayed for a period of thirty days from the date of entering an order in conformity with this memorandum so as to afford proper state officers a reasonable opportunity to have the petitioner returned to the superior court in which he was convicted for the imposition upon him of a corrected sentence in conformity with the decision of the Supreme Court of the State of Washington in State v. Hanlen, supra [190 Wash. 563, 69 P.2d 806]. If the petitioner is so returned and resentenced and a suitable showing to that effect is made by the respondent, the writ of habeas corpus will not issue. But, on the other hand, if the petitioner is not so returned, the writ will issue, immediately be made absolute, and

the petitioner will be discharged from his imprisonment." It will be seen that if the words "this opinion" be substituted for the words "the decision of the Supreme Court of the state of Washington in State v. Hanlen, supra," the foregoing language by Judge Webster is wholly applicable here.

Petitioner's counsel will prepare an order in conformity with this opinion.