Argued December 18, affirmed December 31, 1957

# STATE OF OREGON *v.* McREYNOLDS

319 P. 2d 905

*Clifford B. Olsen,* of Portland, argued the cause for appellant. With him on the brief were Anderson, Franklin & O'Brien, and James K. Navarra, of Portland.

*A. R. McMullen,* District Attorney for Lincoln County, argued the cause for respondent. With him on the brief was R. P. Everhart, Deputy District Attorney for Lincoln County.

PER CURIAM.

The indictment charges that on 20 August 1956 the defendant committed the crime of sodomy. The indictment was filed on 27 February 1957. At the time of arraignment on 4 March 1957 the defendant moved to quash the indictment "for the reason that the defendant was not indicted by a grand jury legally constituted." The motion was denied. The cause was tried, resulting in verdict and judgment of conviction. Defendant appeals, assigning as error the denial of the motion to quash.

The facts on which defendant relies in support of this, his single assignment of error, are stated as follows: In Lincoln County there are in each year three terms of court, commencing on the first Monday in February, the first Monday in May, and the second Monday in September. On motion of the district attorney the court on 31 August 1956 signed an order continuing the grand jury which had been impaneled and sworn during the May term, and directing that said grand jury be held over to serve during the September 1956 term. The reason for such continu-

ance was stated in the motion and order as follows: "That the said grand jury has matters now under consideration which cannot be completed by the end of the May 1956 term of court." On 25 February 1957 an order was entered nunc pro tunc as of 28 January 1957 continuing the same grand jury into the February 1957 term. It was recited that the order had been made orally in open court on 28 January 1957. A similar reason was given for the holding over. Again on 29 April 1957 pursuant to motion the court ordered that the same grand jury be continued over to sit during the May 1957 term "until the matters under investigation and now pending before said grand jury are disposed of." Since the indictment was returned on 27 February 1957 and during the February term, we are not concerned in this case with the order made subsequent to that date.

The nunc pro tunc order was clearly valid. *State of Oregon v. Doud,* 190 Or 218, 225 P2d 400.

Amended Article VII, § 5 of the Oregon Constitution provides in part, as follows:

"In civil cases three-fourths of the jury may render a verdict. The legislative assembly shall so provide that the most competent of the permanent citizens of the county shall be chosen for jurors; and out of the whole number in attendance at the court, seven shall be chosen by lot as grand jurors, five of whom must concur to find an indictment. But provision may be made by law for drawing and summoning the grand jurors from the regular jury list at any time, separate from the panel of petit jurors, and for the sitting of the grand jury during vacation as well as session of the court, as the judge may direct. * * *"

Original Article VII, § 18 as amended contains an identical provision. The statute provides:

"Under the direction of the court, the clerk shall

write upon a separate ballot the name of each juror in attendance upon the court, place the ballots in the trial jury box and draw ballots therefrom one by one until the names of seven of such jurors are drawn and accepted by the court. The seven persons thus chosen shall constitute the grand jury." ORS 132.020.

It is further provided that:

"When the business of the grand jury is completed it must be discharged by the court; but the judge may, by an order made either in open court or at chambers anywhere in his district and entered in the journal, stating the reasons, continue the grand jury in session during as many terms of the court as the judge deems advisable." ORS 132.120.

 It is the contention of the defendant that ORS 132.120 "goes beyond and enlarges the scope of the constitutional provision, and therefore is unconstitutional and void." Casual reference to Oregon Constitution, amended Article VII, § 5, will disclose that there is no longer any constitutional requirement that grand jurors be chosen from the "whole number in attendance at the court" if provision is otherwise made by law, as authorized in that section. We find no statute which has taken advantage of the alternative procedure authorized in that section and therefore we conclude that the grand jury which the court found to have been duly impaneled during the May 1956 term was chosen under the provisions of ORS 132.020. That section prescribes the method by which grand jurors shall be selected and may be accepted by the court from the jurors in attendance upon the court at the time of the selection. It contains no limitation express or implied which relates to the duration of service of any grand jury which has been duly impaneled. ORS 132.120 which authorizes the making of an order con-

tinuing the grand jury during as many terms as is deemed advisable has been in effect and in use for 44 years without challenge as to its constitutionality. Laws 1913, ch 315; Laws 1919, ch 409. To now hold that a grand jury must be discharged at the end of each term in the midst of an uncompleted investigation, thereby compelling the successor grand jury to again enter the same investigation ab initio would disrupt the judicial process, contribute to the law's delays and threaten a virtual hegira from the penitentiary. It was undoubtedly for these reasons that the law enacted in 1864 (Hill's Code, § 1241) was amended to authorize the holding over of a grand jury in the discretion of the court. We find nothing in ORS 132.120 which is violative of the provisions of the constitution. *State of Oregon v. Lawrence,* 12 Or 297, and *State v. Witt,* 33 Or 594, 55 P 1053, are not in point. We also find no abuse of discretion by the trial court or judge.

Defendant relies upon *State v. Kuhnhausen,* 201 Or 478, 266 P2d 698, 272 P2d 225. In that case the right to a speedy trial was in issue. This is not such a case. Here the defendant received a speedy trial. He was indicted, tried and sentenced at the February 1957 term of court. The judgment of the circuit court is affirmed.