[No. 43124.    En Banc.    December 26, 1974.]

THE STATE HIGHER EDUCATION ASSISTANCE AUTHORITY, *Petitioner*, v. ROBERT V. GRAHAM *et al., Respondents.*

---

814

*Slade Gorton*, Attorney General, and *William N. Appel* and *Sally Pasette* (of *Roberts, Shefelman, Lawrence, Gay & Moch*) and *Raymond W. Haman, Barry H. Biggs*, and *Mark E. Johnson* (of *Lane, Powell, Moss & Miller*), *Special Assistants*, for petitioner.

*Slade Gorton*, Attorney General, and *Rodney Carrier, Assistant*, for respondents.

WRIGHT, J.—This is an original proceeding seeking a writ of mandamus against respondents Robert V. Graham, as Auditor for the State of Washington, and Wallace G. Miller, as Director of the Washington State Office of Program Planning and Fiscal Management, to compel respondents to perform certain duties placed upon them by Laws of 1973, 1st Ex. Sess., ch. 120, which chapter is codified as RCW 28B.17, hereinafter referred to as "the act."

Respondents refused to carry out those duties, alleging the act to be unconstitutional. The sole question is whether the act is constitutional. Respondents advance several grounds upon which they assert the unconstitutionality of the act.

The burden is upon one who asserts the unconstitutionality of a statute. *State v. Hanlen*, 193 Wash. 494, 76 P.2d 316 (1938); *Gruen v. State Tax Comm'n*, 35 Wn.2d 1, 211 P.2d 651 (1949); *Casco Co. v. PUD 1*, 37 Wn.2d 777, 226 P.2d 235 (1951); *State v. Primeau*, 70 Wn.2d 109, 422 P.2d

302 (1966); *Seattle v. Jones*, 79 Wn.2d 626, 488 P.2d 750 (1971). For this reason, only matters raised by respondents will be considered.

The facts are all contained within the act and the agreed statement of facts. Petitioner is a corporate authority, created to increase the amount of money available for loans to students in post-secondary educational institutions. The act is designed by its terms to aid any disadvantaged and needy student

who is enrolled, or accepted for enrollment, at a post-secondary educational institution located within the state or a student who is a resident of the state and who is enrolled, or accepted for enrollment, at a post-secondary educational institution wherever located, . . . .

Laws of 1973, 1st Ex. Sess., ch. 120, § 3 (7) (a).

The act directs petitioner to carry out its function by purchasing loans made to eligible students by financial institutions and by educational institutions. The petitioner further may contract in advance to purchase such loans. If the seller is a "bank" as defined in the act (RCW 28B.17.030 (2)) the authority may require the "bank" [to] make new loans in an amount equal to the purchase price received from the authority." RCW 28B.17.060 (1).

Petitioner will receive funds from at least four sources: (1) a legislative appropriation of $250,000 from the state general fund as provided in RCW 28B.17.010; (2) donations which petitioner is authorized to accept, RCW 28B.17.130; (3) borrowing as authorized, and the issuance of bonds and notes to aid such borrowing, and; (4) income from loans purchased. The power to borrow is mentioned in many parts of the act, some of which provisions will be hereinafter mentioned in detail.

The petitioner is referred to in the act as the "authority" and its full title is the "Washington State Higher Education Assistance Authority." RCW 28B.17.010-.030 (1). Closely associated with petitioner are the Commission on Higher Ed-

ucation created by RCW 28B.81.010 and the Council on Higher Education created by RCW 28B.80.010.

The first question that must be answered is whether the funds of petitioner are public funds. The petitioner is declared to be "a corporate governmental agency of the state, constituting a public corporation and governing instrumentality." RCW 28B.17.010. The expenses of petitioner are paid by an appropriation from the general fund of the state. RCW 28B.17.010; Laws of 1973, 1st Ex. Sess., ch. 120, § 23. The definition of "authority" says it is "the corporate governmental agency created by RCW 28B.17.010." RCW 28B.17.030. There are numerous other statements in the act clearly indicative of the public nature of petitioner.

In addition thereto, the petitioner was created by a special act which would be prohibited by the constitution (Const. art. 2, § 28 (6) and article 12, section 1) unless the corporation be in fact public in character.

The bonds and notes of the petitioner are made a legal investment for State funds. RCW 28B.17.120. The petitioner, and the bonds and notes issued by it, are exempt from taxation. It is declared to be performing an essential governmental function, and every corporation or person carrying on business within the state is authorized to make donations to petitioner and to deduct the amount of such donations from business and occupation tax. RCW 28B.17.130. Provision is made for transfer of employees from other state agencies, and for other agencies to render services to petitioner. RCW 28B.17.160. Finally, if the existence of petitioner be terminated, the assets of petitioner "shall pass to and be vested in the state." RCW 28B.17.190.

All of the foregoing provisions are clearly inconsistent with any thought of petitioner being anything except a public corporation with its funds being public funds. If any other conclusion were to be reached, numerous constitutional provisions would be violated. We hold, therefore, that the Washington State Higher Education Assistance

Authority is a public corporation, an instrumentality of government, and that its funds are public funds.

Having determined the funds are public funds, the next problem presented is whether the use of the funds contemplated by the act violates Const. art. 9, § 4 and article 1, section 11. Article 9, section 4 provides: "All schools maintained or supported wholly or in part by the public funds shall be forever free from sectarian control or influence." Article 1, section 11 provides in part: "No public money or property shall be appropriated for or applied to any religious worship, exercise or instruction, or the support of any religious establishment."

■ The whole problem of aid to sectarian schools has been considered by this court on many occasions. The most recent case on that issue was *Weiss v. Bruno*, 82 Wn.2d 199, 509 P.2d 973 (1973). In that case there is a full discussion of the entire problem. Petitioner contends that the aid herein is different from that provided by the act under consideration in *Weiss*. However, therein we said at page 207: "[W]e long ago rejected the theory that 'indirect' or 'incidental' state support of a sectarian school is permissible." We also said therein at page 211:

> Any use of public funds that benefits schools under sectarian control or influence—regardless of whether that benefit is characterized as "indirect" or "incidental"—violates this provision.

In *Weiss v. Bruno, supra*, the money was required to be used for tuition. In the instant case the funds are loaned to the student to use in attending college. Part of the loaned funds will almost certainly be used to pay tuition, and the remainder will benefit the college in many ways by assisting the student to stay in school. In short, the form is different from *Weiss*, but the substance is in no way different. The plan set forth in RCW 28B.17 constitutes a constitutionally impermissible use of public funds.

■ In view of the result reached herein, no extensive discussion of the other questions raised by respondents will

be necessary. The whole act, and in particular RCW 28B.17.050 wherein the petitioner is authorized to contract in advance to purchase loans, is in violation of Const. art. 8, § 5 which reads:

.The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, company or corporation.

This transaction is even more clearly a loan of credit than was the transaction we held violative of the constitution in *State ex rel. O'Connell v. PUD 1*, 79 Wn.2d 237, 484 P.2d 393 (1971). Although that case involved Const. art. 8, § 7, the principles involved are identical.

· After fully considering the other claims of invalidity advanced by respondents, we find them without merit. There is no violation of article 2, section 28 (10) prohibiting special legislation to forgive a debt because RCW 28B.17.050(10) and .060(2) are general legislation and not subject to the prohibition. RCW 28B.17.130(3) is germane to the purpose of the entire act which is properly expressed in the title, hence, Const art. 2, § 19 is not violated, and no opinion is expressed as to any other possible infirmities of that section of the act. RCW 28B.17.030(8) refers to a requirement that loans purchased be guaranteed by the federal government, and such a requirement is not in and of itself objectionable.

For the reasons stated, the writ will be denied.

HALE,. C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied March 11, 1975.