[No. 44728.   En Banc.   September 15, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE WILLIAM FENTER, *Petitioner.*

58

*Mathew D. Griffin* and *L. W. Kahn,* for petitioner.

*Robert E. Schillberg, Prosecuting Attorney,* and *David G. Metcalf, Deputy,* for respondent.

HAMILTON, J.—This appeal is before us on the defendant's (petitioner's) motion for discretionary review of the trial court's denial of his motion to quash and bar an indictment issued by the Snohomish County grand jury. RAP 2.3, 6.2(a). We affirm the trial court.

On April 12, 1976, a majority of the Snohomish County Superior Court judges ordered the drawing and impaneling of a grand jury in Snohomish County.[1] The persons selected as grand jurors were sworn in and began sitting as

---

[1] RCW 10.27.030 provides:

"No grand jury shall be summoned to attend at the superior court of any county except upon an order signed by a majority of the judges thereof. A grand jury shall be summoned by the court, where the public interest so demands, whenever in its opinion there is sufficient evidence of criminal activity or corruption within the county or whenever so requested by a public attorney, corporation counsel or city attorney upon showing of good cause."

a grand jury on May 17, 1976. On July 2, 1976, the Snohomish County Superior Court judges entered an order extending for 60 days the term of the grand jury, commencing on July 15, 1976. On September 9, 1976, the judges entered an order extending the term of the grand jury for a period of 28 days, commencing on September 13, 1976.

The grand jury, on September 17, 1976, issued an indictment charging the defendant with second–degree forgery (RCW 9.44.040) and second–degree perjury (RCW 9.72-.030). The indictment alleged the defendant committed these crimes in Snohomish County on May 26, 1975. In a pretrial motion the defendant moved to quash this indictment on two grounds, which are the same grounds he relies on here for reversal of the trial court. First, he alleges the grand jury was not a legal body at the time it issued the indictment and thus the indictment must fall. Second, he contends he cannot be charged under RCW 9.44.040 and RCW 9.72.030 because the indictment was issued after the repeal of these statutes.[2]

Defendant premises his first argument on his interpretation of RCW 10.27.110 as limiting the grand jury's term to one 60–day period. RCW 10.27.110 provides:

> The length of time which a grand jury may sit after being convened shall not exceed sixty days. Before expiration of the sixty day period and any extensions, and upon showing of good cause, the court may order the grand jury panel extended for a period not to exceed sixty days.

■■ Defendant's interpretation of RCW 10.27.110 relies too heavily on the first sentence of RCW 10.27.110. In interpreting or construing a statute to discern the legislative intent, the statute must be read as a whole. Legislative intent cannot be ascertained from a single sentence. *Greenwood v. State Bd. for Community College Educ.*, 82

---

[2]RCW 9.44.040 and RCW 9.72.030 were repealed effective July 1, 1976, by Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.92.010(115) and (185), pp. 862 and 865, respectively.

Wn.2d 667, 513 P.2d 57 (1973). We believe the second sentence of RCW 10.27.110 clearly permits the judges of a superior court to extend the term of a grand jury beyond the initial 60–day term. The only limitations contained in RCW 10.27.110 on granting the extension are: (1) good cause must be shown for the extension; and (2) the extension must not exceed 60 days.

Because the Snohomish County grand jury issued the indictment during its second extension, one more issue necessarily arises. Can the Superior Court order more than one extension of the grand jury's term? From our reading of RCW 10.27.110, the answer is clearly yes. As a general rule of statutory interpretation, each word of a statute must be accorded meaning, for the legislature is presumed not to have used superfluous words. *State v. Lundquist,* 60 Wn.2d 397, 374 P.2d 246 (1962). RCW 10.27.110 authorizes an extension so long as the extension is ordered prior to the "expiration of the sixty day period and *any extensions*". (Italics ours.) An interpretation of RCW 10.27.110 as allowing only one 60–day extension after the initial 60–day term of the grand jury would necessarily render superfluous the words "any extensions", for the statute would accomplish the result argued for by defendant without these words. The use of the words "any extensions" in the plural clearly expresses a legislative intent that more than one extension may be granted. Thus, the Snohomish County Superior Court judges did have statutory authority to order the two extensions, and the grand jury was a legal body at the time it issued the indictment against defendant. *See, e.g., State v. McReynolds,* 212 Ore. 325, 319 P.2d 904 (1957).

One final matter must be addressed concerning the extensions granted to the Snohomish County grand jury. Defendant argues the Snohomish County Superior Court judges did not have good cause to order the grand jury's term extended. In answering this contention, we need only point out that the two orders granting the extensions each recite that "good cause has been shown to order an extension". Defendant presented no evidence to the trial court

which would refute these recitals. Further discussion of this point is not merited.

Defendant next argues he cannot be charged under RCW 9.44.040 and RCW 9.72.030 because these statutes were repealed prior to the grand jury's issuance of the indictment. He bases his argument on his reading of RCW 9A.98.020, which provides:

The laws repealed by RCW 9A.98.010 are repealed except with respect to rights and duties which matured, penalties which were incurred, and proceedings which were begun before July 1, 1976.

Defendant argues that because RCW 9A.98.020 specifically exempts from repeal offenses in which proceedings were begun prior to July 1, 1976, the legislature necessarily intended that persons who committed offenses under statutes which were repealed by RCW 9A.98.010 could not be charged with these crimes unless the charges were filed prior to July 1, 1976. We disagree.

Washington has a general "savings" statute in RCW 10.01.040, which provides, in part:

No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act . . .

We have previously held that this statute applies to all repealed criminal statutes. *See State v. Hanlen,* 193 Wash. 494, 76 P.2d 316 (1938); *State v. Ficklin,* 192 Wash. 575, 74 P.2d 187 (1937); *State v. Hanlen,* 190 Wash. 563, 69 P.2d 806 (1937). Although RCW 9A.98.020 exempts three categories from repeal and thus acts as a mini–savings statute, it does not expressly state that these three categories are the only categories exempt from repeal. Therefore, we find no express legislative intent that the general savings statute, RCW 10.01.040, does not apply to the statutes repealed by RCW 9A.98.010.

In addition, the Court of Appeals, in *State v. Walker*, 7 Wn. App. 878, 503 P.2d 128 (1972), *rev'd on other grounds*, 82 Wn.2d 851, 514 P.2d 919 (1973), was faced with the identical question to the one presented here, when the court was asked to interpret RCW 69.50.606. RCW 69.50-.606 exempted the same three categories from repeal as the savings clause in RCW 9A.98.020. The Court of Appeals found nothing in RCW 69.50.606 which negated the application of RCW 10.01.040 to the repealed statutes. Because the legislature is presumed to be familiar with past judicial interpretations of statutes, *see Daly v. Chapman*, 85 Wn.2d 780, 539 P.2d 831 (1975); *El Coba Co. Dormitories, Inc. v. Franklin County Pub. Util. Dist.*, 82 Wn.2d 858, 514 P.2d 524 (1973), it must be presumed the legislature was familiar with the Court of Appeals interpretation of RCW 69.50.606 in *Walker* and did not intend, by exempting from repeal the three categories enumerated in RCW 9A.98.020, to express an intent contrary to RCW 10.01.040. Thus, we find the defendant was properly charged under RCW 9.44.040 and RCW 9.72.030 even though the indictment was issued by the Snohomish County grand jury after the repeal of these statutes.

The trial court's denial of defendant's motion to quash and bar the indictment is affirmed, and the case is remanded to the Superior Court for further proceedings.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

Reconsideration denied December 5, 1977.