[No. 4541–2–III.   Division Three.   March 4, 1982.]

*In the Matter of* THERESA ROGERS.

JERRY A. ROGERS, *Appellant,* v. DIANA
S. ROGERS, *Respondent.*

*James E. Barrett,* for appellant.

*William D. McCool,* for respondent.

*Bruce E. Horton,* for guardian ad litem.

MUNSON, J.—Jerry Rogers, an unmarried father, appeals the termination of his parental rights under RCW 26.32-.054(1). We reverse and remand for retrial under RCW 13.34.180.

Jerry Rogers is Theresa Rogers' natural father. The record indicates that Rogers signed a document acknowledging that fact, both he and the unmarried mother agree that he is the natural father, and the court so found. However, this action to terminate his parental rights proceeded under RCW 26.32.054(1), which states:

If the *alleged* father appears and contests the termination of his parental rights and responsibilities by filing a claim under chapter 26.26 RCW, the court shall take the following action:

(1) If the *alleged* father has failed, without good cause for the failure, to establish any relationship with the child, and did not provide any support or care for the mother during pregnancy or for either the mother or child after the child's birth, until notice of hearing was served upon him, the court shall terminate his rights to the child.

(Italics ours.) Pursuant to RCW 26.32.015:

(1) "Alleged father" means a person who is alleged or thought to be the natural father of a child and:
(a) Has never married the mother; or
(b) Whose marriage to the mother was terminated by a decree of dissolution entered more than three hundred days prior to the birth; or
(c) Was separated from the mother and a decree of separation was entered by a court more than three hundred days prior to the birth.
. . .
(4) "Parent" means the natural or adoptive mother or father or legal father of a child, regardless of the marital status of the parent.

██ It is axiomatic that all the terms of the statute must be given meaning, *State v. Fenter,* 89 Wn.2d 57, 59–60, 569 P.2d 67 (1977). Accordingly, where a statute includes both the terms "alleged father" and the term "parent", those two terms must be taken to mean different things. RCW 26.32.032(3) provides:

(3) If a petition seeking involuntary termination of a *parent and child relationship* has been filed and the *parent,* against whom termination is sought, timely appears and contests the termination, the petition shall be treated as a petition for dependency and proceedings shall be held pursuant to RCW 13.34.180, except in the following cases:
(a) A petition contested by an *alleged father,* which shall be decided pursuant to RCW 26.32.054(1); . . .

(Italics ours.) Thus, if Rogers is an "alleged father", his relationship to Theresa is determined under RCW 26.32-

.054(1). If Rogers is a "parent", his relationship to Theresa is decided under RCW 13.34.180. As noted above, an alleged father is one thought to be or alleged to be the natural father; a parent is the natural father. Here, there is no question Rogers was the natural father. He is therefore no longer merely alleged, or thought to be, but actually is the father and is a "parent".

Consequently, we concur in the trial court's finding of fact that Rogers is the natural father of Theresa. However, such a conclusion deprives the trial court of the authority to proceed in termination of parental rights pursuant to RCW 26.32.054(1)[1] since a natural father is a parent rather than an alleged father, and the termination of a parent's relationship with a daughter must be determined pursuant to RCW 13.34.180.

The decision of the trial court terminating parental rights pursuant to RCW 26.32.054(1) is reversed, the court having lacked authority under that statute to terminate the

---

[1]Although the trial court attempted a contrary construction, RCW 26.32.054 subsections (1) and (2) are inconsistent. This statute states:

If the alleged father appears and contests the termination of his parental rights and responsibilities by filing a claim under chapter 26.26 RCW, the court shall take the following action:

(1) If the alleged father has failed, without good cause for the failure, to establish any relationship with the child, and did not provide any support or care for the mother during pregnancy or for either the mother or child after the child's birth, until notice of hearing was served upon him, the court shall terminate his rights to the child.

(2) If the alleged father has, before notice of the hearing was served upon him, established any relationship with the child, or has provided any support or care for the mother during pregnancy, or for either the mother or child after the child's birth, the rights of the alleged father shall not be terminated except as otherwise provided by this chapter.

Subsection (1) suggests the father's failure to have provided support at *any one* of three times, coupled with failure to establish a relationship with the child, justifies termination. Yet, subsection (2) suggests the father must have failed to support at *all* of those times as well as not having established a relationship. We believe this inconsistency was not intended by the drafters; the legislature should consider correcting this statute.

parental rights in this case. The case is remanded to determine whether termination may lie pursuant to RCW 13.34.180.

ROE, A.C.J., and GREEN, J., concur.

Reconsideration denied April 12, 1982.

Review denied by Supreme Court June 11, 1982.