BEALS, J., dissents.
This is an appeal from a judgment of the superior court eliminating the sum of $7,717.33 from the inventory and appraisement in the estate of Frank G. Peterson, deceased. Emily C. Peterson, the widow of the deceased, was duly appointed executrix of his last will and testament April 20, 1932. Thereafter, she filed an inventory of the assets of the estate in which the item above mentioned was included. That *Page 31 
item was a deposit in the Washington Mutual Savings Bank in the name of Frank G. Peterson and Emily C. Peterson, his wife. Mr. Peterson died April 12, 1932.
The account was opened in the savings bank September 9, 1921. At the time it was opened, the parties making it, Peterson and wife, signed a contract which provided that:
"Withdrawals from this account may be made by either of us, during the lifetime of both, or by the survivor upon the death of one of us."
Subsequent to the filing of the inventory and the making of the appraisement, the executrix filed a petition asking that the $7,717.33, the amount of deposit in the savings bank, be eliminated from the estate. Upon the hearing upon the petition, the supervisor of the inheritance tax and escheat division of this state appeared and resisted the elimination. The trial, upon which evidence was taken, resulted in a judgment, as already indicated, eliminating the item. From this judgment, the supervisor of the inheritance tax and escheat division appeals. No bill of exceptions or statement of facts has been brought to this court.
Whether the amount of deposit in the savings bank was properly eliminated from the estate depends upon whether an account, made under the conditions that this one was, passes any property right or interest to the survivor after the decease of one of the parties. Subdivision 2 of § 19 of chapter 175, Laws of 1915, p. 567, provides that, after any deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them,
". . . such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, . . ." *Page 32 
An earlier statute, enacted in 1886, Rem. Rev. Stat., § 1344 [P.C. § 3426], provided that, if partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivors, but descend, or pass by devise, "in the same view as if such deceased joint tenant had been tenants in common;. . ." It will thus be seen that the act of 1915, which was subsequently amended in 1929 (chapter 123, Laws of 1929, p. 280, Rem. Rev. Stat., § 3348 [P.C. § 373]), but not with reference to the provision which makes depositors in savings banks joint tenants, is in conflict with the earlier statute.
[1] It is first contended that Rem. Rev. Stat., § 3348 [P.C. § 373], which is one of the sections of the mutual savings banks law, is unconstitutional, because it amends Rem. Rev. Stat., § 1344 [P.C. § 3426], without setting forth the latter section in full. Section 37 of Article 2 of the constitution provides that no act shall be revised or amended "by mere reference to its title, but the act revised or the section amended shall be set forth at full length." The section of the savings bank law makes no reference to the previous statute, and is one of the sections of a general act which is complete in itself. The latter act being complete in itself and making no reference to the prior act, and the two being in conflict, such later act will prevail. To such a situation, the constitutional provision requiring the amended section to be set out at full length does not apply.Spokane Grain Fuel Co. v. Lyttaker, 59 Wn. 76,109 P. 316; In re Hulet, 159 Wn. 98, 292 P. 430.
The appellant cites in support of his position the cases ofCopland v. Pirie, 26 Wn. 481, 67 P. 227, 90 Am. St. 769, and State ex rel. Arnold v. Mitchell, 55 Wn. 513,104 P. 791. Those cases, however, are no longer the law of this state, as was pointed out in Holzman *Page 33 v. Spokane, 91 Wn. 418, 157 P. 1086, wherein it was said with reference to them that:
"It may be conceded that counsel's contention finds some support in these decisions, but we think they are no longer controlling upon this question in the light of the more recent decisions of this court."
Rem. Rev. Stat., § 3348 [P.C. § 373], does not offend against the constitutional provision above mentioned.
[2] It is next contended that § 3348 is unconstitutional because it embraces more than one subject which is not expressed in the title. Section 19 of Article 2 of the constitution provides that no bill shall embrace more than one subject, and "that shall be expressed in the title." It is said in this connection that the title of the act of 1915 does not make any reference to the subject of joint tenancies. The title of that act is:
"AN ACT authorizing the incorporation of mutual savings banks, defining their powers and duties, and prescribing penalties for violations hereof."
It thus appears that the title is general and comprehensive. No elaborate statement of the subject of an act is necessary to meet the requirements of the constitutional provision. A few well-chosen words, suggestive of the general subject stated, is all that is necessary. State ex rel. Seattle Electric Co. v.Superior Court, 28 Wn. 317, 68 P. 957, 92 Am. St. 831. Such a title to the act as this one should be liberally construed, and in deference to legislative discretion on the subject, acts shall not be construed as void, as violating the constitution, unless they are so beyond any reasonable doubt. State ex rel. Reitmeierv. Oakley, 129 Wn. 553, 225 P. 425; King County v.Stringer, 130 Wn. 287, 227 P. 17.
A title to an act may be as broad as the legislature sees fit to make it, and thereunder any specific legislation as to any subject relating to the general character *Page 34 
thus broadly embraced in the title will be sustained. When, however, the legislature sees fit to adopt a restricted title, and thereunder attempts to embrace provisions not fairly within such restricted title, such provisions cannot be given force, because it would have been convenient for the legislature to have adopted a more generic title and thereunder properly included all the provisions of the act. Percival v. Cowychee Wide HollowIrri. Dist., 15 Wn. 480, 46 P. 1035.
In National Association of Creditors v. Brown, 147 Wn. 1,264 P. 1005, the act under consideration had a restricted title, and it was held not sufficiently broad to include one of the provisions of the act. In the case of National Associationof Creditors v. Pendleton, 158 Wn. 137, 290 P. 987, the title of the act under consideration was general, and it was held sufficient. These two cases well illustrate the difference between a restricted and a general title.
The title of the act in question, being general and comprehensive, was sufficiently broad to include the provision with reference to joint tenancy.
[3] It is next contended that Rem. Rev. Stat., § 3348 [P.C. § 373], is unconstitutional because it grants special and exclusive privileges, amounting to a monoply, to mutual savings banks, and by reason thereof constitutes class legislation. Section 12 of Article 1 of the constitution provides that no law shall be passed granting to any citizen, class of citizens or corporations, other than municipal, privileges or immunities which upon the same terms shall not belong to all citizens or corporations. Section 22 of Article 12 provides that monopolies and trusts shall never be allowed in this state.
With reference to the matter of monopoly, we are quite unable to see how a provision for joint tenancies *Page 35 
in bank accounts in mutual savings banks has any tendency to create a monopoly.
As to class legislation, the rule is that a legislative act is not violative of the constitutional provision mentioned so long as the classification involved is reasonable and has a fair basis. A discrimination is valid, if not arbitrary in the legislative sense, and a classification may rest upon narrow distinctions. State v. Cannon, 125 Wn. 515, 217 P. 18;Northern Cedar Co. v. French, 131 Wn. 394, 230 P. 837;Garretson Co. v. Robinson, 178 Wn. 601, 35 P.2d 504;German Alliance Ins. Co. v. Supt. of Insurance, 233 U.S. 389,34 S.Ct. 612.
In the case of Huntington v. Savings Bank, 96 U.S. 388, the basis for the distinction between mutual savings banks and commercial banks is well set forth.
The facts in the case of Sherman Clay Co. v. Brown,131 Wn. 679, 231 P. 166, where it was held that an ordinance of the city of Seattle was void as class legislation, are entirely different from those with which we are now dealing. The act, by reason of the fact that it provides for joint tenancies in mutual savings bank accounts, is not class legislation within the contemplation of the constitutional provision.
[4, 5] Upon the merits, it is contended that the joint account in the savings bank with which we are now concerned was subject to an inheritance tax under Rem. Rev. Stat., § 11201 [P.C. § 7051], which provides that all property within the jurisdiction of this state, and any interest therein, which shall pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, sale or gift made in contemplation of death, or by deed, grant, sale or gift made or intended to take effect in possession after the death of the donor, shall be subject to a tax. The inquiry must be directed then to whether Mrs. Peterson's right to *Page 36 
the entire joint account passed to her by inheritance or bequest, or whether her right thereto dated as of the time when the joint tenancy was created therein.
Where there is a joint tenancy, each of the tenants has an undivided moiety of the whole, and not the whole of an undivided moiety. While the joint tenancy continues, each of the two tenants has a complete interest in the whole, and on the death of one the whole interest in the whole remains in the survivor. 2 Blackstone's Commentaries (Lewis's Edition) pp. 648 and 651. Where there is a transfer to joint tenants, without other conditions, it gives to the donee immediately the title and right of possession and enjoyment of the whole, and he succeeds to no new title or right upon the death of his co-tenant, but is merely relieved thereby from the further interference of the co-tenant.
In In re Gurnsey's Estate, 177 Cal. 211, 170 P. 402, under a statute of like import as that of this state, it was held that the survivor of a joint tenancy in a bank account was not subject to the inheritance tax law of the state of California. Referring to an earlier case in the same jurisdiction, it was there said that, at common law,
". . . the title to the joint property did not pass to and `vest in the survivor,' upon the death of his cotenant, but that `each tenant was seised of the whole estate from the first, and no change occurred in his title on the death of his cotenant'; that `it simply "remained" to him,' and came to him `wholly from the original grant,' so that after the death of one, the other, in pleading his title, could allege a conveyance by the original grantor to himself, without mention of the cotenant, citing Coke on Littleton, section 286, and 1 Washburn on Real Property, page 646, and concluding with the following: `It is therefore a mistake to say of joint tenants that the title vests in the survivor upon the death of the cotenant; or that it descends to him from his cotenant; for it had already vested in him by, and at the time of, the original grant.' *Page 37 
This is the legal effect of a joint tenancy at common law and under our code, and it would, of course, prevail without regard to the actual intent of the donor who created it. The inheritance tax law, prior to 1915, imposed such tax upon transfers by gift, `intended to take effect in possession or enjoyment,' by the donee, only at or after the death of the donor. A transfer to joint tenants, without other conditions, does not come within that description, for, as above shown, it gives to the donee immediately the title and the right of possession and enjoyment of the whole, and he succeeds to no new title or right upon the death of his cotenant, but is merely relieved thereby from the further interference of the cotenant."
The cases of In re Haggerty's Estate, 311 Pa. 503,166 A. 580, In re Horler's Estate, 161 N.Y. Supp. 957, and In reMaguire's Estate, 99 Misc. 466, 165 N.Y. Supp. 1067, are to the same effect. So far as we are informed, there are no cases to the contrary upon a statute like that of this state or that of California.
Where the inheritance statutes, as did the act of Congress which was considered in the case of Tyler v. United States,281 U.S. 497, 50 S.Ct. 356, 69 A.L.R. 758, expressly provide that joint tenancies or tenancies by entirety shall come under the act, the question is different. In the case cited, the court recognized that, if it were not for the fact that Congress had expressly made the inheritance tax law apply to joint tenancies and tenancies by entirety, the property of a joint tenancy would not be under the act. In the opinion in that case, it was said:
"Section 201 imposes the tax `upon the transfer of the net estate'; and if that section stood alone, the inclusion of such property in the gross estate of the decedent probably could not be justified by the terms of the statute."
The case of Marble v. Treasurer Receiver General,245 Mass. 504, 139 N.E. 442, had under consideration *Page 38 
a statute with a provision with reference to joint tenancies similar to that of the Federal act. The argument in the Massachusetts case is to the effect that, if it were not for the express provision bringing joint tenancies under the inheritance tax law, such tenancies would be exempt from the inheritance tax. Since the wife in this case took nothing that she did not already have, by reason of the death of her husband, the joint account in the mutual savings bank was not subject to the inheritance tax law of this state.
[6] There is nothing in this case which would justify a finding that the joint account was made in contemplation of death, or was intended to take effect in possession after death. There being no statement of facts or bill of exceptions, all facts necessary to sustain the judgment will be presumed. It cannot be inferred from the fact that the joint account was opened approximately eleven years prior to Mr. Peterson's death that there was any intention to create the joint tenancy in contemplation of death.
The contention with reference to having opened the joint account intending that it should take effect after death has been covered by what has already been said.
There is nothing in the case of Winner v. Carroll, 169 Wn. 208,13 P.2d 450, out of harmony with the disposition that we make of the present case.
We are not here concerned with the policy of the law; that is for the legislature. If it is desirable, as a matter of public policy, to bring joint savings bank accounts within the provisions of the inheritance tax law, it would be easy for the legislature to so state, as has been done by Congress and in the states of Massachusetts and California, and probably other states.
The judgment will be affirmed.
MILLARD, C.J., TOLMAN, and GERAGHTY, JJ., concur. *Page 39