[No. 33072. Department Two. March 3, 1955.]

*In the Matter of the Estate of* George H. Matsas, *Deceased.*
Evangelos Barbas, *Appellant,* v. George Carras,
*Respondent.*[1]

*Christ D. Lillions,* for appellant.

*Granville Egan,* for respondent.

Mallery, J.—This is a will contest.

On January 19, 1954, a Seattle resident, George H. Matsas, an elderly bachelor of Greek extraction, made a will devising substantially all of his property to petitioner, Evangelos Barbas. On February 1, 1954, he revoked former wills and made a new one devising substantially all of his property to defendant George Carras and a cousin in Greece, equally. He died February 4, 1954. His February will was admitted to probate, and petitioner Barbas, a beneficiary under the January will but not under the one admitted, instituted this will contest.

The trial court made findings of fact and conclusions of law, which admittedly support the decree sustaining the February will and rejecting the January will.

The petitioner, Evangelos Barbas, appeals.

He assigns as error the trial court's findings, in effect, that the February will was not the result of undue influence and

[1]Reported in 280 P. (2d) 678.

that the January one was. We find that the record amply supports the trial court's findings.

Most of appellant's brief and assignments of error are concerned with an *advisory* jury that was impaneled to hear the case. Because he was not entitled to a jury, appellant demanded an *advisory* one. Opposing counsel being agreeable, it was stipulated that an *advisory* jury might be impaneled. The record indicates that the trial court did not desire such a jury for its own benefit, but impaneled it in deference to the stipulation of the parties. It treated the jury's answers to three interrogatories as advisory and made its own findings of fact and conclusions of law upon which the decree was entered.

■■ The rule as to *advisory* juries is stated in *Rathjens v. Merrill*, 38 Wash. 442, 80 Pac. 754:

"The action of the trial judge in withdrawing the case from the jury was a matter which, of course, this court will not review. The jury in a case of this kind is merely advisory to the court. Its verdict upon any question of fact submitted would not be binding upon the court. Consequently, it was in the court's discretion to dispense with the jury at any time it thought proper."

The trial court was entirely correct in making its own findings and in treating the jury as advisory only. Although it agreed with the *advisory* jury, it was not necessary that it should have done so. It could have refused to impanel such a jury or have discharged it in mid-trial.

Appellant contends, in his assignments of error, that the court prejudiced the *advisory* jury against him by acts, statements, instructions, comments on the evidence, and "undissimulated bias" throughout the entire trial.

The record does not support these contentions, but, assuming them to be true for our present purpose, they still would not be *prejudicial* error. An *advisory* jury is one in name only, since it is not the *arbiter of the facts*. Its "advice" can be disregarded with impunity. The sole responsibility for the entire trial, including finding the facts and making the decree, remains with the trial court. Indeed,

there is no point in impaneling such a jury unless the trial court anticipates that its "advice" will be useful.

The effect of an *advisory* jury's "advice" upon the mind and heart of a trial court is known to omniscience, but we must decline to review assignments of error directed to an *advisory* jury.

The decree is affirmed.

HAMLEY, C. J., HILL, and WEAVER, JJ., concur.

ROSELLINI, J., concurs in the result.

———

April 14, 1955. Petition for rehearing denied.