[No. 4403-3-III.   Division Three.   February 23, 1982.]

*In the Matter of the Estate of* WALBY A. ONEY.

EARL ONEY, ET AL, *Respondents,* v. FRED GETTY, *as Executor, Appellant.*

*John O. McLendon, Bruce A. Kaiser,* and *McLendon & Kaiser,* for appellant.

*Frederick J. Shelton,* for respondents.

ROE, J.—Walby Oney, a bachelor, died, leaving no surviving children. He had acquired substantial assets. By his will he left all his property to his three sisters, Laureleen, Lorean and Dorothy, and his brother Earl, share and share

alike. Laureleen was named executrix of his estate but declined to serve, and her husband, Fred Getty, the alternate executor, was appointed.

Before Walby died, and while he was ill, he changed two accounts in the Peoples National Bank to joint tenancy with right of survivorship with Laureleen, authorized by RCW 30.20.015. He also changed one account in the Community Savings and Loan Association to a joint tenancy with right of survivorship, also with Laureleen, authorized by RCW 33.20.030. It is to be noted that since Laureleen declined to act as executrix, she was not made a party to this action.

Fred Getty, the brother–in–law and executor, apparently originally intended to distribute the money in the survivorship accounts to Walby's four surviving siblings; yet, upon being advised by his attorney that the accounts belonged to Laureleen, the surviving joint tenant, he then made no claim to the money for the benefit of the estate based upon the advice and the statute. As a result, all the money left in the joint accounts, after certain checks written on the date of Walby's funeral, was taken by Laureleen as the surviving joint tenant. Lorean, Dorothy and Earl brought an action in the probate court against their brother–in–law to have him removed as executor or his powers limited based on his disclaiming any interest in these accounts on behalf of the estate.

RCW 30.20.015 provides:

After any deposit shall be made in a national bank, state bank, trust company or any banking institution subject to the supervision of the supervisor of banking of this state, by any person in the names of such depositor and one or more other persons and in form to be paid to any of them or the survivor of them, such deposit and any additions thereto made by any of such persons after the making thereof, shall become the property of such persons as joint tenants with the right of survivorship, and the same, together with all interest thereon, shall be held for the exclusive use of such persons and may be paid to any of them during their lifetimes or the survivor

or survivors. The making of the deposit in such form shall, *in the absence of fraud or undue influence,* be conclusive evidence, *in any action or proceeding to which either such bank or the surviving depositor is a party,* of the intention of the depositors to vest title to such deposit and the additions thereto in the survivor or survivors.

(Italics ours.) In challenging Fred's inaction, despite the statute, the siblings did not make Laureleen, the surviving joint tenant or the bank a party to the action. By the statutory terms, the conclusive presumption effective in the absence of fraud or undue influence arguably applies only in actions where the bank or the surviving depositor is a party. Because neither Laureleen nor the bank was made a party to this action, the estate, and Fred as executor, may not rely on the presumption.[1] But that does not settle the matter.

■ The effect of the first sentence of RCW 30.20.015 is to create a presumption of joint tenancy, rebuttable by evidence of contrary intention. *In re Matt,* 75 Wn.2d 123, 128–29, 449 P.2d 413 (1969); *Winner v. Carroll,* 169 Wash. 208, 216–17, 13 P.2d 450 (1932). Here, there is some evidence that the presumption of joint tenancy was rebutted by Laureleen herself, who testified:

Well, I signed two cards and he had to sign them and I suppose that was there so that if ever I wanted money to help him I could get it.

This is consistent with the first action of the executor in distributing money, who discovered only on advice of counsel that the money may have vested upon death in Laureleen. There are the signature cards creating the joint tenancy with right of survivorship, but there was no evidence from the bank employees who helped Walby execute

---

[1]In *Tripp v. Scott,* 29 Wn. App. 869, 631 P.2d 973 (1981), this court held a surviving joint tenant must be a depositor, *i.e.,* have put money into the account, in order to take advantage of the conclusive presumption of the statute. Because Laureleen was not a party, and is therefore foreclosed from relying on the presumption, we need not decide whether her failure to make deposits in the account would also foreclose use of the presumption.

the cards of his intention.

Whether the account in a savings and loan association is a true joint tenancy is controlled by RCW 33.20.030,[2] which does not mention fraud, undue influence, conclusive presumptions or depositors. That statute creates a rebuttable presumption of intent to create a survivorship tenancy. *In re Estate of Douglas,* 65 Wn.2d 495, 502–03, 398 P.2d 7 (1965); *In re Estate of Green,* 46 Wn.2d 637, 642, 283 P.2d 989 (1955). Our analysis thus applies to the proceeds of all the accounts claimed by Laureleen as her property and not subject to the provisions of the will.

■ At common law joint tenancy exists where two or more persons jointly own property with each joint tenant holding an "undivided moiety of the whole, and not the whole of an undivided moiety." *In re Estate of Peterson,* 182 Wash. 29, 36, 45 P.2d 45 (1935). The distinctive characteristic of a joint tenancy is survivorship, *i.e.,* at the death of one joint tenant, the survivor takes title to the whole. *In re Estate of Peterson, supra;* 48A C.J.S. *Joint Tenancy* § 3 (1981). The four unities of time, title, interest and possession are essential to the creation of a joint tenancy. *Holohan v. Melville,* 41 Wn.2d 380, 399, 249 P.2d 777 (1952), *rehearing denied,* 41 Wn.2d 380, 408, 255 P.2d 899 (1953). The creation of an account in the nature of a joint tenancy with right of survivorship depends upon the intent of the parties. *Kaufman v. Kaufman,* 60 Wn.2d 1, 7, 371 P.2d 535 (1962); *In re Estate of Ivers,* 4 Wn.2d 477, 486, 104 P.2d 467 (1940). Where all the funds in the account are deposited by one of the joint tenants, the extent of the surviving

---

[2]RCW 33.20.030 provides:

"Savings may be received by an association in the name of two or more members as joint tenants with right of survivorship. In such case, payment to either member shall discharge the association from liability upon such savings account and, upon the death of either of such joint tenants, the association shall be liable only to the survivor or survivors."

No mention of a depositor is made in this statute.

tenant's interest must be determined by the depositor's intent, *i.e.*, whether a joint tenancy, a gift or some other purpose was intended. *Tripp v. Scott,* 29 Wn. App. 869, 872, 631 P.2d 973 (1981). If the statutory presumption of joint tenancy survivorship has been rebutted, then the question is whether there is some other basis for finding Laureleen is entitled to the proceeds of the accounts.

In order to show a gift, there must be delivery, either actual or constructive, and the donee must acquire dominion and control over the account, or part of it; the right to draw checks on the account is not sufficient to show a gift. *Daly v. Pacific Sav. & Loan Ass'n,* 154 Wash. 249, 252, 282 P. 60 (1929); *Meyers v. Albert,* 76 Wash. 218, 135 P. 1003 (1913). Additionally, there must be donative intent. *Oman v. Yates,* 70 Wn.2d 181, 422 P.2d 489 (1967); *Roesch v. Gerst,* 18 Wn.2d 294, 138 P.2d 846 (1943). The trial court made no findings as to whether Walby intended to make a gift of the accounts to Laureleen.[3] The burden is on Fred, as the party asserting the existence of a gift, to show the transfer was a gift by "'clear, convincing, strong, and satisfactory'" evidence. *Doty v. Anderson,* 17 Wn. App. 464, 471, 563 P.2d 1307 (1977); *Whalen v. Lanier,* 29 Wn.2d 299, 312, 186 P.2d 919 (1947).

Thus, we reverse and remand to the trial court for the purpose of making a factual finding as to Walby's intent when he created the joint accounts with Laureleen as a joint tenant, *i.e.*, whether he intended it to be with right of survivorship, a gift, or if her name was added merely as a

---

[3]Because of our disposition of this case, it is unnecessary to consider the executor's assignments of error concerning the trial court's refusal to strike the jury demand. We note a jury is not available in an action such as this, as it is an equitable action. *Rathjens v. Merrill,* 38 Wash. 442, 80 P. 754 (1905). Although a trial court sitting in equity may use a jury in an advisory capacity, *In re Estate of Matsas,* 46 Wn.2d 266, 280 P.2d 678 (1955); *In re Estate of Jolly,* 197 Wash. 349, 85 P.2d 267 (1938), it is still the responsibility of the trial court to make findings and draw conclusions from them.

convenience, and for further proceedings consistent with this opinion.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied March 18, 1982.

Review denied by Supreme Court May 21, 1982.