**Jo Anne JUGUM and Martin and Anne Jugum, Plaintiffs,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Defendant.**

**No. C86–211C.**

United States District Court,
W.D. Washington.

Sept. 29, 1986.

See also, D.C., 646 F.Supp. 767.

David W. Soukup, Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz, Seattle, Wash., for plaintiffs.

Richard S. Twiss, Perkins Coie, Seattle, Wash., David A. Felt, Office of the Gen. Counsel, Federal Home Loan Bank Bd., Washington, D.C., for defendant.

## ORDER ON MOTION FOR RECONSIDERATION

COUGHENOUR, District Judge.

THIS MATTER is before the Court on the Federal Savings and Loan Insurance Corporation's (hereinafter "FSLIC") motion for reconsideration, or in the alternative, for motion in limine. The parties have not requested oral argument.

On May 27, 1986, this Court entered an Order Denying Cross Motions for Summary Judgment. In doing so, the Court set a September 29, 1986, trial date for trial of the remaining issue in the case—whether the plaintiffs are entitled to recover $164,926.61 deposited in FSLIC insured accounts at the Westside Savings and Loan Association. Westside was declared insolvent on August 30, 1985, and FSLIC was appointed receiver. Under circumstances described in the previous Order, the Jugums' claim for insurance coverage in the total amount of deposits was denied, and they then filed this action under 12 U.S.C. § 1728(b). *See Jugum v. Federal Savings and Loan Insurance Corporation,* 637 F.Supp. 1045 (W.D.Wash.1986).

In the motion now before the Court, FSLIC repeats and amplifies two arguments that it made in its motion for summary judgment. First, FSLIC argues that application of Washington law on a financial institution's liability to its depositors requires this Court to reverse its previous determination and hold that FSLIC, in making insurance determinations, may rely on Westside's account records as conclusive evidence of ownership of funds on deposit. Secondly, FSLIC argues that the Court should defer to FSLIC's administrative practice of relying on account records in determinations of joint accounts, and allow FSLIC to place conclusive reliance on the account records in this case. The Court disagrees, for the reasons clearly stated in the Order dated May 27, 1986, and for the reasons stated below.

The very materials submitted in support of the motion for reconsideration disprove FSLIC's contention that it is the agency's administrative practice to place conclusive reliance on a bank's records in determining whether accounts in an institution are jointly owned and therefore insured separately. The letter of the Federal Home Loan Bank Board, dated July 22, 1985, and addressed to individuals similarly situated to plaintiffs in the case *sub judice,* reads at page 4:

"Even though the regulations provide that the records of the insured institution are conclusive, *the FSLIC has found over the years that the records of institutions in default are not always completely reliable. Consequently, the FSLIC permits claims for insurance coverage where the claimant provides clear and convincing evidence that the institution's records are in error.* Thus, if by such clear and convincing evidence you could demonstrate that the _____ provided to _____ all infor-

mation required by the regulations to establish the accounts in a different matter, that such other accounts would have provided for more complete insurance coverage, and that _____ either failed to properly record the information or destroyed records which would comply with regulations and support the claim for additional insurance, then a request for reconsideration on this basis could be [properly reviewed by the Board].

"Such evidence could include copies of the original _____ records pertaining to accounts, copies of correspondence between the _____ and _____ pertaining to the accounts, *or sworn detailed affidavits of others explaining the nature of the accounts opened, the information given by the* _____ *to* _____, the destruction of the records and other occurrences pertinent to the claim.

"Based on the present record, however, no such clear and convincing evidence appears."

(Confidential information deleted by FSLIC). Defendant's counsel's representation to the Court, on the basis of the meager materials submitted, that FSLIC's practice is to rely conclusively on the institution's account records to determine issues of ownership, especially in light of the quoted material, *supra*, is patently inaccurate and incorrect. Even if defendant's own materials did not flatly contradict counsel's position, the Court could not possibly conclude that the three letters submitted establish the existence of a "longstanding practice in making insurance determinations." This Court rejects defendant's argument that it should defer to its administrative construction of the applicable federal statutes and regulations.

■ Defendant also argues that, under Washington law, the FSLIC is entitled to rely on the institution's account records to determine whether funds on deposit are jointly or separately owned. Defendant relies on provisions of chapter 30.22, Revised Code of Washington, to support its argument.

RCW 30.22.020 explains that one of the purposes of the chapter is to "qualify and simplify the law concerning the respective ownership interests of individuals to funds held on deposit by financial institutions ... [as] to the financial institution-depositor-beneficiary relationships." RCW 30.22.-020(2). In construing provisions of the chapter, the provisions shall:

"(5) Not be deemed to alter the community or separate property nature of any funds held on deposit by a financial institution or any individual's community or separate property rights thereto, and a depositor's community and/or separate property rights to funds on deposit shall not be affected by the form of the account."

RCW 30.22.030(5). The construction of RCW 30.22.120 and 30.22.040(11) (defining "depositor") urged by defendant would violate the purpose and principles of construction of chapter 30.22. The provisions in RCW 30.22.040(11) and 30.22.120 do not confer upon financial institutions the right to ignore independent legal rights to funds on deposit. Rather, they are meant to protect a bank from liability to persons with undisclosed interests in funds on deposit. *Cf., e.g., Jones v. Federal Deposit Insurance Corporation,* 748 F.2d 1400 (10th Cir. 1984) (no liability to legatees, heirs, and beneficiaries whose interests are not disclosed in institutions' records); *compare* 12 C.F.R. 564.2(b) (account records conclusive as to existence of *relationship* ); *see Jugum,* 637 F.Supp. 1049–50. Where ownership interests appear on the face of the bank records, and where there is no question of liability for the wrongful payment of funds to a "depositor," those provisions do not apply. FSLIC's reliance on RCW 30.22.120 as authority for its conclusive reliance on account records to determine ownership is expressly repudiated by the statute itself, which states, "The protection accorded to financial institutions under RCW 30.22.120 ... shall have no bearing on the actual rights of ownership to depos-

ited funds by a depositor, and/or between depositors." RCW 30.22.130.

In fact, it was formerly the law under RCW 30.20.015 that "the making of a deposit in joint tenancy form with right of survivorship shall be conclusive 'in any action or proceeding to which either such bank or the surviving depositor is a party, of the intention of the depositors.'" *Tripp v. Scott,* 29 Wash.App. 869, 873, 631 P.2d 973 (1981). But in repealing RCW 30.20.-015, *see* Laws 1981, ch. 192, § 33, and in failing to reenact a similar provision in chapter 30.22, the legislature intended that account records not be used as conclusive evidence of ownership of funds on deposit in situations such as the case at bar.

Accordingly, the motion for reconsideration, or in the alternative, for motion in limine, is DENIED.