**Jo Anne JUGUM and Martin and Anne Jugum, Plaintiffs,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Defendant.**

**No. C86–211C.**

United States District Court, W.D. Washington.

Oct. 31, 1986.

David W. Soukup, Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz, Seattle, Wash., for plaintiffs.

Richard S. Twiss, Perkins Coie, Seattle, Wash., David A. Felt, Office of Gen. Counsel, Federal Home Loan Bank Bd., Washington, D.C., for defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COUGHENOUR, District Judge.

THIS MATTER having come before the Court for trial on September 29, 1986, the Court having considered the testimony of Jo Anne Jugum and Martin Jugum, plaintiffs' Exhibits 1 through 13 admitted in evidence, defendant's Exhibit 1 admitted in evidence, and the stipulations of counsel

made in open court; now, therefore, the Court enters the following:

## FINDINGS OF FACT

1. Plaintiffs are residents of the State of Washington. Defendant is a body corporate established pursuant to 12 U.S.C. § 1725, subject to suit herein. The Court has jurisdiction of this action.

2. Westside Federal Savings and Loan Association was a federally chartered savings and loan association, the accounts of which were insured by the Federal Savings and Loan Insurance Corporation. Westside Federal Savings and Loan Association was declared insolvent on August 30, 1985, by the Federal Home Loan Bank Board.

3. On August 30, 1985, plaintiff Jo Anne Jugum held a money market account at Westside Federal Savings and Loan Association, Account No. 0–01–90017335 with a balance of $95,821.65. Jo Anne Jugum was the sole owner of the funds in that account, singly having saved that amount from her earnings, having made all deposits to that account, all withdrawals from that account, and having paid all taxes on interest earned in that account. No other person had her permission to withdraw funds from that account. She never intended to transfer ownership of funds in that account to any other person and never did so. Neither Martin nor Anne Jugum ever had any ownership interest in the funds in that account.

4. When Jo Anne Jugum opened Account No. 17335 at Westside Federal Savings and Loan Association, the teller typed her name on the account and asked her if she wanted any other names on the account. Jo Anne Jugum asked the teller how the money would be taken care of if something happened to her. She was told by the teller, "You would want your parents' signatures on this account." Jo Anne Jugum allowed the clerk to type the name of Martin Jugum and the name of Anne Jugum onto the account form. That account thereafter bore the names of Jo Anne Jugum, Martin Jugum and Anne Jugum.

5. On August 30, 1985, Martin Jugum held a savings account at Westside Federal Savings and Loan Association, Account No. 0–01–01014201 with a balance of $69,-104.96. Martin Jugum and Mrs. M. Jugum were the sole owners of the funds in that account as community property. Martin Jugum had made all deposits to that account from his earnings as a longshoreman. Martin Jugum and Mrs. M. Jugum made withdrawals from that account and paid all taxes on interest earned in that account. Jo Anne Jugum never had authority to make withdrawals from that account, never made withdrawals from that account, and never made any deposits to that account. Jo Anne Jugum never had any ownership interest in the funds in that account.

6. Martin Jugum at some point in the 1970's asked a teller employed by Westside Federal Savings and Loan Association for a "survivor clause" so that in the event he and his wife became seriously ill or died, Jo Anne Jugum could have access to the funds in Account No. 14201. The teller advised him to sign a form and take it home and have Mrs. M. Jugum and Jo Anne Jugum sign it and that would take care of it. That account was thereafter listed on the Westside Federal Savings and Loan Association records in the names of Martin Jugum, Mrs. M. Jugum and Jo Anne Jugum.

7. Plaintiffs have each demanded that defendant pay them insurance on their individually owned accounts in the amount in those accounts at the time of the default of Westside Federal Savings and Loan Association. The defendant, Federal Savings and Loan Insurance Corporation, has refused to pay those amounts in full and has withheld $37,722.08 from Jo Anne Jugum and $27,-204.53 from Martin and Mrs. M. Jugum, placing a limit of $100,000.00 on the amount of insurance paid to all plaintiffs by adding together the funds in their separately owned accounts.

8. The two accounts are listed in the records of Westside Federal Savings and

Loan Association in different names, with Account No. 17335 being held by "Jo Anne Jugum, Martin Jugum and Anne Jugum" and Account No. 14201 being held by "Martin Jugum, Mrs. M. Jugum, and Jo Anne Jugum."

9. In 1984 Westside Federal Savings and Loan Association by letter admitted as Exhibit 5 advised Martin Jugum and Mrs. M. Jugum that the records of the bank reflected that Account No. 0–01–01014201 constituted "all of your Westside savings and checking accounts."

10. The denial of plaintiffs' request for payment of insurance by the Federal Savings and Loan Insurance Corporation was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law since the accounts were never held in the same names on the records of the institution and the funds in the accounts were not commonly owned.

11. The amount due to plaintiffs herein was liquidated as of August 30, 1985. The defendant is in the insurance business and has accepted the ordinary instances of suits in such a business. Plaintiffs are entitled to interest at the rate of 12% per annum from August 30, 1985, on the sums due them, plus costs and statutory attorneys' fees.

12. Plaintiffs have exhausted all administrative remedies available to them.

From the foregoing Findings of Fact, the Court now enters the following:

## CONCLUSIONS OF LAW

1. The Court has previously entered herein its "Order Denying Cross Motions for Summary Judgment" reported at 637 F.Supp. 1045, which is incorporated herein by this reference.

2. The Court has previously entered herein its "Order on Motion for Reconsideration" reported at 646 F.Supp. 764, which is incorporated herein by this reference.

3. Plaintiff Jo Anne Jugum is entitled to judgment against the defendant herein in the amount of $37,722.08, plus interest at the rate of 12% per annum from August 30, 1985, and taxable costs and fees.

4. Plaintiffs Martin and Mrs. Anne Jugum are entitled to judgment against the defendant herein in the amount of $27,-204.53, plus interest at the rate of 12% per annum from August 30, 1985, and taxable costs and fees.

The Clerk of this Court is directed to enter judgment in accordance with these Findings and Conclusions.

The Clerk is further directed to send uncertified copies of these Findings of Fact and Conclusions of Law and the judgment to all counsel of record.