[No. 8222-9-III.   Division Three.   May 19, 1988.]

*In the Matter of the Estate of*
GEORGE E. FOX.

*Donald O'Neill* and *O'Neill & Delaney,* for appellant.

*Robert Patrick* and *Aitken, Schauble, Patrick & Neill,* for respondent.

MUNSON, J.—Albert Fox and Daniel J. Fox appeal the trial court's awarding of a certificate of deposit to the Estate of George E. Fox contending they are joint tenants with a right of survivorship. Florence Leinweber, Gerald Fox, and the Estate of George E. Fox cross–appeal contending the trial court erred in refusing to award other certificates and a savings account to the Estate of George E. Fox. We reverse in part and affirm in part.

George E. Fox, a resident of Whitman County, Washington, died on November 16, 1984. During his lifetime, he made certain cash deposits with Rainier National Bank (Rainier) in Endicott, Washington, and with Seattle First

National Bank (Seattle First) in Colfax, Washington, for which the banks issued nine certificates of deposit. George E. Fox also had a savings account with Seattle First. All the money used to acquire these certificates and the savings account came entirely from George E. Fox. All the interest earned from these certificates and savings account was reported as income to the Internal Revenue Service by George E. Fox. He physically possessed all the certificates and only he withdrew money from the savings account.

There were four Rainier certificates, each labeled as a joint account with right of survivorship:[1]

(1) Number 156016, dated July 7, 1981, bearing the names of George E. Fox, Albert Fox or D. James Fox

(2) Number 102889, dated April 15, 1980, bearing the names of George E. Fox, Albert Fox or D. James Fox

(3) Number 88440, dated February 7, 1980, bearing the names of George E. Fox, Albert Fox or D. James Fox

(4) Number 2664493, dated November 22, 1983, bearing the names of George E. Fox, Albert Fox or James D. Fox. (The parties agree the name of James D. Fox should be D. James Fox.)

These certificates earned interest until maturity and were automatically renewed for the same period as the original certificates. None of the certificates had been cashed and all were in existence at the time of George E. Fox's death. Neither George E. Fox nor any named co–owner signed any document indicating that any of the certificates, in force at the time of his death, would be held in joint tenancy with right of survivorship. A box in front of the words "Joint With Right of Survivorship" was checked on certificate (4). No such box existed on the other certificates.

There were four Seattle First certificates:

(5) Certificate Number 329600, dated January 27, 1982, bearing the names of Sharlene Gill or Connie Fox.

---

[1] For purposes of clarity, we shall refer to the various certificates, bond, and savings account by our numbers, rather than repeat the bank and its numbers.

(6) Certificate Number 393986, dated March 26, 1984, bearing the names of George E. Fox or Connie Fox or Sharlene Gill.

(7) Certificate Number 272274, dated July 7, 1981, bearing the names of George Fox or Sharlene Gill or Connie Fox.

(8) Certificate Number 31728, dated October 20, 1983, bearing the names of George E. Fox or Albert Fox or Daniel J. Fox.

George E. Fox and the designated co–owners did not sign a new signature card for these four certificates. They also did not sign a document which indicated the certificate would be held in joint tenancy with right of survivorship. At the time these certificates were issued, the bank employee, following bank procedure, would fill out a form entitled "New Time Instrument Work Sheet." These work sheets were prepared for Seattle First's internal administrative procedure to record information pertaining to the time instrument. They were typically filled out at the time the certificates were issued, but there is no evidence George E. Fox ever saw any of the entries. The evidence does not establish this procedure was followed for each certificate. The work sheets were attached to the bank's copy of the certificates and kept by Seattle First. The work sheets indicate certificates (5) through (8) were to be held in joint tenancy with right of survivorship. George E. Fox told the Seattle First employees he wished the certificates to go to the named co–owners by right of survivorship upon his death.

Finally there were two other Seattle First accounts:

(9) Firstbank Bond Number 740356, dated January 5, 1983, bearing the names of George E. Fox or Darlene Hersey, signed by the two registered owners and labeled as a joint tenancy with right of survivorship.

(10) Market Rate Savings Account Number 55746–143, bearing the names of George E. Fox, D. James Fox and Albert Fox, dated January 24, 1983, signed by

the three registered owners and labeled as joint tenancy with right of survivorship.

After a short trial at which an employee from Rainier and an employee from Seattle First testified, the court awarded Rainier certificates (1), (2), and (3) to the named co–owners, Albert Fox and Daniel J. Fox. The court reasoned the certificates were held in joint tenancy with right of survivorship by virtue of an oral contract between George E. Fox and Rainier. The court also awarded the Seattle First certificates (5) and (7) to the named co–owners, Sharlene Gill and Connie Fox. The court based this award on three alternate theories: (1) the contract was fully integrated and included the work sheet; (2) the certificate and signature card constituted a partially integrated contract, thus the parol evidence rule would allow the work sheet to complete the contract; and (3) there was an oral contract between George E. Fox and Seattle First, which created the joint tenancy with right of survivorship.

The court held that after July 1, 1982, when RCW 30.22 took effect, all contracts for joint tenancy with right of survivorship must be written and signed by all the individuals who have a right to payment. The court found Seattle First certificates (6) and (8) unambiguously failed to provide that they were to be held in joint tenancy with right of survivorship and also were not signed by the co–owners. Thus, they, along with Rainier certificate (4), were awarded to the Estate of George E. Fox.

Finally, the court found Seattle First account (9) and the savings account (10) complied with the statute and awarded them to the named co–owners. The court also awarded the Estate attorney fees. Albert Fox and Daniel J. Fox appeal the court's award of certificate (8) to the Estate of George E. Fox. Florence Leinweber, Gerald Fox, and the Estate appeal the court's award of certificates (1), (2), (3), (5), (7), (9), and (10) to the designated co–owners. The court's award of certificates (4) and (6) is not appealed.

Pre–July 1, 1982 Accounts: (1), (2), (3), (5), and (7)

Former RCW 30.20.015 governs the certificates issued before July 1, 1982, and provided:

> After any deposit shall be made in a national bank, state bank, trust company or any banking institution subject to the supervision of the supervisor of banking of this state, by any person in the names of such depositor and one or more other persons and in form to be paid to any of them or the survivor of them, such deposit and any additions thereto made by any of such persons after the making thereof, shall become the property of such persons as joint tenants with the right of survivorship, and the same, together with all interest thereon, shall be held for the exclusive use of such persons and may be paid to any of them during their lifetimes or the survivor or survivors. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such bank or the surviving depositor is a party, of the intention of the depositors to vest title to such deposit and the additions thereto in the survivor or survivors.

Florence Leinweber, Gerald Fox, and the Estate contend the court erred in awarding Rainier certificates (1), (2), and (3) to the designated co–owners, Albert Fox and Daniel J. Fox. Each of the three certificates had the following notation on it: "Payable to the Registered Owner(s): George E. Fox, Albert Fox or D. James Fox, with right of survivorship". None were signed by any of the registered owners.

RCW 64.28.010 provides in part that a joint tenancy "shall be created only by written instrument, which instrument shall expressly declare the interest created to be a joint tenancy." RCW 64.28.030 then excludes bank deposits, other choses in action, and community property agreements (RCW 26.16.120) from the requirements of the chapter. Florence Leinweber, Gerald Fox, and the Estate contend RCW 64.28.030 was not intended to eliminate the writing requirement in RCW 64.28.010.[2] We disagree.

---

[2] They also rely on *In re Estate of Olson*, 87 Wn.2d 855, 557 P.2d 302 (1976) and *In re Estate of Leinweber*, 62 Wn.2d 825, 384 P.2d 856 (1963). In *Olson*, at

Former RCW 30.20.015 says nothing about the writing requirement in RCW 64.28.010 and yet, they were adopted in the same year. This indicates the Legislature did not intend the writing requirement of RCW 64.28.010 to apply to bank deposits. Therefore, a joint tenancy with right of survivorship could be created by an oral contract. George E. Fox's signature was not required. Because Rainier certificates (1), (2), and (3) were in the form prescribed by former RCW 30.20.015 and there is no evidence of a contrary intent, a joint tenancy with right of survivorship was created. The court properly awarded them to the designated co–owners, Albert Fox and Daniel J. Fox.

The Seattle First certificates (5) and (7), on the other hand, did not specify the type of account. On the signature card were six boxes which were labeled: individual, partnership, association, corporation, tenants in common, and joint tenants with right of survivorship. Only the "corporation" box was marked. Below the boxes is the statement: "If this card is signed below by two persons as 'Joint Tenants', the funds belong to them as joint tenants with rights of survivorship (not as tenants in common) and are payable to the order of either or to the survivor". The card was signed by George E. Fox, Albert Fox, and Daniel J. Fox without an indication they were joint tenants.

The parol evidence rule provides "[P]arol or extrinsic evidence is not admissible to .add to, subtract from, vary, or contradict written instruments which are contractual in nature and which are valid, complete, unambiguous, and not affected by accident, fraud, or mistake." *Emrich v. Connell,* 105 Wn.2d 551, 555–56, 716 P.2d 863 (1986) (quoting *Buyken v. Ertner,* 33 Wn.2d 334, 341, 205 P.2d

---

858, the court interpreted RCW 64.28.010 to require, in order to create a joint tenancy with right of survivorship in a promissory note, an express written document indicating the owner or owners of the property involved intend to create a joint tenancy. *Olson* did not involve bank deposits and is, thus, distinguishable. *Leinweber* was decided prior to the amendment adding the mandatory language in RCW 64.28.010.

628 (1949)). *Emrich,* at 556, then explained the application of the rule:

> In making this preliminary determination of whether the parties intended the written document to be an integration of their agreement, which is a question of fact, the trial court must hear all relevant, extrinsic evidence, oral or written. If, after hearing all the evidence, the court determines that the writing is the final and complete expression of the parties' agreement—*i.e., completely integrated*—then the extrinsic evidence is disregarded. If, however, the court finds that the parties intended the writing to be a final expression of the terms it contains but not a complete expression of all terms agreed upon—*i.e., partially integrated*—then the terms not included in the writing may be proved by extrinsic evidence *only insofar as they are not inconsistent with the written terms.*

(Footnote and citations omitted.)

Florence Leinweber, Gerald Fox, and the Estate contend the work sheets are not admissible because the Seattle First certificates unambiguously did not provide they would be held in joint tenancy with right of survivorship and, therefore, the work sheets could not vary the terms of the contract. They further argue that since the court found no evidence George E. Fox saw the information on the work sheets, he could not have intended for them to be part of the contract.

Joan Hubbard, the manager of Seattle First in Colfax, testified that normally George E. Fox would tell a bank employee what type of ownership he wanted on a particular certificate, and what names were to be on the certificate. The bank employee would then use an existing signature card, if one existed, type a certificate, and fill out a new account work sheet. The work sheet would include information such as the type of ownership and the source of the funds. Ms. Hubbard testified George E. Fox intended for all the certificates to be held in joint tenancy with right of survivorship. The work sheets indicated the certificates would be so held. Both Ms. Hubbard's testimony and the

work sheets fill in the missing term, *i.e.*, the type of account. Thus, the court correctly awarded the Seattle First certificates (5) and (7) to the designated co–owners, Sharlene Gill and Connie Fox.[3]

The Estate further contends the named co–owners of the certificates do not benefit from the conclusive presumption of former RCW 30.20.015 because they did not deposit any funds into accounts and are therefore not "surviving depositors." Where all the funds in the account are deposited by one of the joint tenants, the extent of the surviving tenant's interest must be determined by the depositor's intent. *In re Estate of Oney,* 31 Wn. App. 325, 328–29, 641 P.2d 725, *review denied,* 97 Wn.2d 1023 (1982). Although this court held that a designated co–owner of a bank account who did not deposit money into the account is not a "surviving depositor" and, thus, not entitled to the conclusive presumption under former RCW 30.20.015,[4] in this case the intent of the sole depositor for the designated co–owners to retain the accounts is clear.

Post–July 1, 1982 Accounts: (8), (9), and (10)

RCW 30.22 is titled "Financial Institution Individual Account Deposit Act" and took effect on July 1, 1982. RCW 30.22.060 provides, in part, that a "contract of deposit shall

---

[3]Florence Leinweber, Gerald Fox, and the Estate extensively argue the work sheets are not admissible because there is no "internal reference" on the certificates which mentions the work sheets. The requirement of an "internal reference" is only discussed in cases in which the court is determining whether a writing satisfies the statute of frauds. *See, e.g., Grant v. Auvil,* 39 Wn.2d 722, 238 P.2d 393 (1951). The statute of frauds in not raised as an issue here.

[4]*Tripp v. Scott,* 29 Wn. App. 869, 631 P.2d 973 (1981) held a co–owner was not a "surviving depositor" because she did not deposit money into the account. We remanded the case for a determination as to whether the decedent intended for her to retain the accounts. Division One in *Estate of Randmel v. Pounds,* 38 Wn. App. 401, 685 P.2d 638 (1984) declined to follow *Tripp* in a very similar fact situation. It explained the holding in *Tripp* is contrary to the rule from two previous cases that a joint tenant need not have deposited funds in the account to be considered a "surviving depositor" under former RCW 30.20.015. *Randmel,* at 408; *see also In re Estate of Douglas,* 65 Wn.2d 495, 501, 398 P.2d 7 (1965); *Doty v. Anderson,* 17 Wn. App. 464, 466–67, 563 P.2d 1307 (1977).

be in writing and signed by all individuals who have a current right to payment of funds from an account." The trial court found that Albert and Daniel J. Fox did not sign a signature card for certificate (8) and awarded it to the Estate. Finding the signature requirement was met, the court awarded certificates (9) and (10) to the designated co–owners.

Florence Leinweber, Gerald Fox, and the Estate agree that certificate (8) was properly awarded to the Estate, but additionally argue that only one who deposits money in an account can be an owner of the funds and therefore a "surviving depositor" under RCW 30.22.100(3).[5] They argue that because the designated co–owners of certificates did not deposit any money into the accounts, they are not "surviving depositors" and, thus, are not entitled to the funds. For the same reason, they contend the court improperly awarded certificates (9) and (10) to the designated co–owners.

█ We do not believe a designated co–owner is required to sign a signature card or actually deposit funds into the account in order to receive funds upon the depositor's death. The signature requirement in RCW 30.22.060 was intended to prevent a designated co–owner from taking

---

[5]RCW 30.22.040(8) defines a "[j]oint account with right of survivorship" as "an account in the name of two or more depositors and which provides that the funds of a deceased depositor become the property of one or more of the surviving depositors." RCW 30.22.040(11) defines "depositor": "'Depositor', when utilized in determining the rights of individuals to funds in account, means an individual who owns the funds." RCW 30.22.090 provides for the ownership of funds during the lifetime of a depositor:

> (2) Funds on deposit in a joint account without right of survivorship and in a joint account with right of survivorship belong to the depositors in proportion to the net funds owned by each depositor on deposit in the account, unless the contract of deposit provides otherwise or there is clear and convincing evidence of a contrary intent at the time the account was created.

RCW 30.22.100(3) provides, in part, for the ownership of funds after the death of a depositor: "Funds belonging to a deceased depositor which remain on deposit in a joint account with right of survivorship belong to the surviving depositors unless there is clear and convincing evidence of a contrary intent at the time the account was created."

funds out of the account during the depositor's lifetime unless the designated co–owner's signature is on file. If the signature is not on file, the designated co–owner does not have "a current right to payment"; however, he or she is still entitled to the funds upon the depositor's death. Similarly, by using the term "depositor," the Legislature did not intend to restrict the recipients of the funds only to those who actually deposited funds into the account. *See Jugum v. Federal Sav. & Loan Ins. Corp.*, 646 F. Supp. 764, 766 (W.D. Wash. 1986) (RCW 30.22.040(11), defining "depositor," was not intended to allow financial institutions to ignore independent legal rights to deposited funds; it was meant to protect a bank from liability to persons with undisclosed interests in the deposited funds). To hold otherwise would unduly restrict the ability of a depositor to pass deposited funds to designated co–owners upon his death. If the Legislature intended to require a testamentary disposition for bank account funds, it would have so provided.

*Morse v. Williams,* 48 Wn. App. 734, 740 P.2d 884 (1987) bolsters our conclusion. There, Marvin Tucker executed a joint and mutual will, in accordance with a prior separation agreement and community property agreement with his wife, which provided "*all property* shall pass without probate to either one of us who shall survive the other". *Morse,* at 735. Shortly after executing the will, Mr. Tucker separated from his wife and began living with Myrtle Williams. In 1983, he opened an account and named Ms. Williams as a joint tenant with right of survivorship. The account existed at the time of his demise.

The issue there was whether the joint account was a testamentary device or whether it gave Ms. Williams a present interest in the funds. The court construed RCW 30.22.090(2) to create a rebuttable presumption "that joint accounts with right of survivorship transfer interests at death only; *i.e.,* they do not give a nondepositing party any present interest in the account funds." *Morse,* at 740–41. The court concluded that because Mr. Tucker (1) deposited

all the funds into the account, (2) did not intend to transfer a present interest or make an inter vivos gift, and (3) only intended to create an at–death transfer, he intended a testamentary deposition to Ms. Williams, which was ineffectual because it violated the will and prior agreements. *Morse,* at 742.

Therefore, here the court erred in not awarding certificate (8) to the designated co–owners, Albert and Daniel J. Fox. The court correctly awarded certificates (9) and (10) to the designated co–owners. This is consistent with George E. Fox's intent. *See* RCW 30.22.100(3); *Oney,* at 328.

Florence Leinweber and Gerald Fox ask for attorney fees on appeal. When an action augments a fund for the benefit of the beneficiaries under a will, attorney fees are properly awarded. *In re Estate of Wheeler,* 71 Wn.2d 789, 797–98, 431 P.2d 608 (1967); *Drain v. Wilson,* 117 Wash. 34, 38, 200 P. 581 (1921); *see also Seattle Sch. Dist. 1 v. State,* 90 Wn.2d 476, 541–42, 585 P.2d 71 (1978). Florence Leinweber and Gerald Fox's appeal did not enhance the funds subject to George E. Fox's will; therefore, they are not entitled to attorney fees on appeal.

We reverse the court's award of Seattle First certificate (8) and affirm all other awards.

McINTURFF, C.J., and THOMPSON, J., concur.

Reconsideration denied August 10, 1988.